# Reighter v. Reighter, Appellant.

*Divorce—Adultery—Evidence—Deductions.*

Where on a libel for divorce for adultery the inferences of guilt are fairly deducible from the testimony, a divorce will be granted, although there is no direct evidence to establish the adultery.

Argued Oct. 8, 1914. Appeal, No. 37, Oct. T., 1914, by defendant, from decree of C. P. No. 4, Phila. Co., Dec. T., 1911, No. 2,445, for libelant in case of David Henry Reighter v. Elizabeth H. Reighter. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Libel for divorce on the ground of adultery. Before AUDENRIED, J.

*Error assigned* was the decree awarding divorce.

*Louis Goodfriend,* for appellant.

*J. O. Eberhard, Jr.,* for appellee.

OPINION BY TREXLER, J., February 24, 1915:

The testimony of the co-respondent certainly justifies the inference that the respondent and he were criminally intimate. We would hesitate to found a decree upon his testimony alone, but coupled with the letters which the respondent admits she wrote to him, addressed to him as husband, signed by her as wife, containing terms of endearment, regret for his absence and indelicate allusions entirely inconsistent with platonic relations, and considering the frequent opportunities they had of companionship and the evident enjoyment they had in each other's society, leads us to the conclusion that the Master was right in holding that the charge of adultery had been sustained.

The inferences of guilt are fairly deducible from the testimony although there is no direct evidence to establish it: McCune v. McCune, 31 Pa. Superior Ct. 248; Gruninger v. Gruninger, 190 Pa. 633.

In view of the fact that the charge of adultery has been sustained we need not discuss the question as to whether a desertion occurred or not.

The decree is affirmed at the cost of appellant.