# Paul, Appellant, *v.* Paul.

*Divorce—Adultery—Insufficient evidence.*

Where the only evidence in an action for divorce on the ground of adultery is the testimony of libelant, unsupported by corroborating circumstances, and specifically denied by respondent, the decree of the court, dismissing exceptions to the master's report, and refusing a divorce, will not be reversed on appeal.

Submitted May 2, 1919.   Appeal, No. 162, April T., 1919, by libelant, from decree of C. P. Allegheny Co., Jan. T., 1918, No. 1741, refusing a divorce in case of Frank Paul v. Lena Paul.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Libel in divorce.

The master, William A. Wilson, Esq., found and recommended in part as follows:

On the afternoon of the 4th of July, 1917, libelant testified that he returned home unexpectedly, looked through the window into Baerrer's room and saw respondent sitting on Baerrer's lap in the act of sexual intercourse. He rapped twice on the window and called to some neighbor children who were sitting on a railing a short distance down the street. The respondent came out of Baerrer's room into the yard, followed shortly after by Baerrer. An altercation then ensued between respondent and libelant and he took his clothes and left the house. The parties have not lived together since. Three neighbors testified for libelant that they saw Mrs. Paul and Baerrer coming from Baerrer's room and saw the altercation between the husband and wife. None of them saw what Mrs. Paul was doing in Baerrer's room or heard the subject of the dispute.

Respondent admits she was in Baerrer's room. She had just finished cleaning the room, as was her custom, and was standing by the dresser conversing with Baerrer when her husband appeared at the window. The blind had not been lowered nor any other precaution against detection taken. Her testimony is corroborated in every point by the corespondent, John Baerrer.

The quality of the testimony which is necessary to sustain a charge of adultery is the same in a civil case as in a criminal case. The only difference is in the quantity. In a criminal case the charge must be proved beyond a reasonable doubt, whereas a preponderance of evidence is all that is requisite in a civil case. A preponderance of evidence has no necessary relation to the number of witnesses on the one side or the other. It might easily be conceived that the testimony of libelant alone might outweigh the oaths of an array of witnesses for the respondent, provided that his testimony was accompanied by the proof of such adulterous inclination, and opportunity on the part of respondent, as would impel an inference of her guilt. But there is no such support for libelant's testimony in this case. Unless the master

72        PAUL, Appellant, v. PAUL.

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.

should believe the unsupported testimony of libelant and entirely discredit the testimony of both the respondent and corespondent he would not be warranted in recommending a decree in this case. As was said by Judge RICE in Buys v. Buys, 56 Pa. Superior Ct. 338-342:

"Where the case rests on his (libelant's) uncorroborated testimony there is particular reason for scrutinizing it with extreme care and for requiring strict proof of every essential fact."

Mrs. Paul and Mr. Baerrer impressed the master by their demeanor and manner of testifying as being in no way less worthy of belief than libelant. The two daughters of the parties, both of whom testified for respondent, particularly impressed the master as being honest and sincere in their testimony. A careful consideration of the testimony produced by both parties, and the demeanor of the witnesses, has failed to convince the master that libelant has measured up to the proof which is required of him in this case.

The master therefore recommends that the libelant should be refused a divorce on the ground of the respondent's adultery.

Exceptions to the above findings and recommendation were overruled and a decree entered in accordance with the master's report refusing a divorce.

*Error assigned* was the decree of the court.

*Francis A. Wolf,* and with him *F. W. Ries, Jr.,* for appellant.

No appearance and no printed brief for appellee.

PER CURIAM, July 17, 1919:
The decree from which this appeal is taken is supported by the report of a master who very carefully considered the testimony adduced before him, and recommended that the libelant should be refused a divorce, etc.,

70, (1919).] Opinion of the Court.

followed by a close scrutiny of all the testimony by the court below; dismissal of the exceptions filed to the master's report and affirming his recommendation in refusing a divorce. We have examined the whole record and concur in the conclusion reached.

The decree is affirmed.