# King *v.* King, Appellant.

*Divorce—Adultery—Cruel and barbarous treatment—Evidence —Sufficiency.*

A divorce is properly granted on the ground of adultery where there is sufficient evidence to establish the fact that the respondent met the corespondent at four different times, late at night, at the home of the former and was there alone with her for some period of time.

*Divorce—Affidavit that complaint is made in good faith—Practice, C. P.—Act of March 13, 1815, 6 Sm. L. 287.*

In divorce proceedings the injured party must set forth in his libel the cause of his or her complaint, together with an affidavit that the complaint is not made out of levity or by collusion between the said husband and wife, and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the cause mentioned in said petition or libel. This affidavit is essential to complete the libel. It is not necessary in an amendment to the original cause of action.

Argued March 8, 1920. Appeal, No. 3, March T., 1920, by respondent, from decree of C. P. Tioga County, Sept. T., 1914, No. 169, granting a divorce in the case of Preston R. King v. Ola G. King. Before Orlady, P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Libel in divorce. Before Smith, P. J., of 34th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court awarded a divorce. Respondent appealed.

*Error assigned* was the decree of the court.

*Richard Hay Woolsey,* and with him *J. Raymond Peck,* for appellant.

*Lee Brooks,* and with him *Andrew B. Dunsmore* and *Paul J. Edwards,* for appellee.

OPINION BY LINN, J., July 14, 1920:

The trial judge below after hearing the witnesses in open court, sustained a complaint in divorce for two causes: indignities to the person of libellant and adultery with a named person. This appeal is from that decree. The former only of the two causes was stated in the complaint filed; the latter was added by amendment.

Appellant complains that the statutory affidavit "......that the said complaint is not made out of levity or by collusion between the said husband and wife and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the said petition or libel" (Act of March 13, 1815, 6 Sm. L. 287), was not made to the amendment; the complaint which was amended by adding adultery as a cause, contained the statutory affidavit. An examination of the statute shows that is sufficient: the injured party "......may exhibit his or her petition or libel......setting forth......the cause of his or her complaint, and shall together with such petition or libel also exhibit an affidavit......" The complaint is the libel; it required and had the affidavit; the amendment did not require it. The assignments on this subject are overruled.

It is also contended (1) that the evidence is insufficient to sustain the charges, (2) that there was condonation, and (3) collusion, and (4) that the court erred in refusing alimony, expenses and counsel fees.

Four occasions in February to August, 1914, were described by libellant when the corespondent was with the respondent late at night in her house under the circumstances described in the record; his testimony as to each occurrence was corroborated by one witness and as to one occasion by two; these meetings and the alleged infidelity were denied by respondent and by the corespond-

ent. Libellant states that at a meeting he charged the co-respondent with intimacy with his wife and that he "did not deny it." The corespondent when asked about the matter said, "Why I remember of Mr. King stating some things there, but I do not remember of saying that I did not deny it." "If I remember right I laughed at him; I do not remember of saying very much at all; I simply smiled and let it pass on." He denied that, when similarly charged a second time, he admitted it and asked to be forgiven. The libellant is corroborated as to the first of these interviews by Mr. Ashton who testified that he heard libellant so charge the corespondent and that he made no reply; as to the second meeting Mr. Ashton said he was "only in and out of the room" and did not hear any denial, though he said "I think that he just merely smiled; he did not deny them when I was present." There was evidence that on one of the nights when he was alleged to have been with respondent at her home, the corespondent was in a distant city.

Libellant's testimony in support of the charge of indignities and their effect upon him is generally corroborated by other witnesses including his physician, and much of this evidence is uncontradicted notwithstanding that respondent testified; nowhere does she say that libellant gave her any justification for her alleged conduct.

We agree with the court below that there was neither collusion nor condonation. Three applications were made by respondent for alimony, counsel fees and expenses, or one or the other, and were heard and refused either by Judge Smith or by Judge Cameron, who have stated their reasons for their respective conclusions. There was no abuse of discretion.

As to the four contentions so made, the language of this court in Ehrhardt v. Ehrhardt, 54 Pa. Superior Ct. 166, is peculiarly applicable: "Upon due consideration, and remembering that the learned judges below had a much better opportunity to get at the real facts and

situation and surroundings of the parties than we can have from the printed record, we are not prepared to say that the decree should be reversed."

The assignments of error are overruled and the decree is affirmed.