# Swantkowski *v.* Swantkowski, Appellant.

*Divorce—Desertion—Separation by wrongful act of libellant—Libel prematurely filed—Jurisdiction.*

In the trial of an action of divorce, it appeared that the wife of libellant had brought a charge of desertion and nonsupport against her husband. On the day designated she left their common domicile in the morning to attend the hearing and in the afternoon she returned. The libellant locked the doors, refused to admit her, and drove her away. The good faith of her attempt to return and continue her relations with him was not questioned.

Six months subsequent to this incident a libel charging desertion was filed by the husband. The court below ruled that since it appeared that the libellant had attempted to induce the respondent to return, which she refused to do, the desertion should be dated back to the date of the actual separation, and that the action, therefore, was properly brought within the provision of the 5th section of the Act of 1850, P. L. 590, authorizing an application at any time not less than six months after the cause of divorce shall have taken place. *Held:* the libel was filed too soon and the court had no jurisdiction.

The intention to desert may be known by the declarations of the parties, but the intention cannot supply the absence of the act. A

wife may intend to desert her husband and declare that intention, but desertion only occurs when she actually leaves him.

The husband's wrongful act in denying his wife admission to their home cannot afford the basis of proving that she maliciously and wilfully deserted him on the date of such act.

Argued November 13, 1922.  Appeal, No. 13, March T., 1923, by respondent, from decree of C. P. Luzerne Co., May T., 1920, No. 580, allowing a divorce in the case of George Swantkowski v. Clara Swantkowski. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Libel in divorce.   Before WOODWARD, J.

The facts are stated in the opinion af the Superior Court.

The case was tried before WOODWARD, J., without a jury, who granted a divorce.  Respondent appealed.

*Errors assigned* were the refusal to affirm various requests for findings of fact and of law and refusal to admit certain evidence offered by respondent.

*Thomas Butkiewicz,* and with him *Harris B. Hamlin,* for appellant.—It is the duty of an appellate court in a divorce case to review all of the testimony: Breene v. Breene, 76 Pa. Superior Ct. 568.

The suit was prematurely brought: Singer v. D., L. & W. R. R. Co., 254 Pa. 502.

*Charles B. Lenahan,* and with him *Paul Bedford,* for appellee.—The evidence fully met the definition of desertion as laid down in Ingersoll v. Ingersoll, 49 Pa. 249.

OPINION BY TREXLER, J., March 2, 1923:

The fifth section of the Act of 1850, P. L. 590, confers jurisdiction on the courts of common pleas in all cases of divorce for wilful, malicious and continued desertion

and provides that the application for such divorce may be made to such court at any time not less than six months after such cause of divorce shall have taken place. The libel alleges that the desertion occurred October 11th, 1919, the libel was presented April 19, 1920. If the desertion did not occur on the above date, the action was prematurely brought and the jurisdiction of the court never attached. The facts disclosed are as follows: The libellant was brought before the court on a charge of desertion and nonsupport, and sentenced. This we might state in passing is a circumstance in the case which it is proper to consider: Hahn v. Bealor, 132 Pa. 242; Bauder's App., 115 Pa. 480. After the hearing, the respondent went to her husband's home and putting her story in narrative form, she states "My purpose in going there was, I thought, having had the allowance fixed, I could go back and try to live with him again, as I had done heretofore. I was not admitted. I found the doors locked. My husband saw me and came out of the garden. I told him I wanted to come in the house. He said you cannot come in, he did not want us. He had a club, but he did not quite strike me, but struck my son who came between me and him. My son prevented his striking me. He pushed us out. The baby could not go fast enough and he pushed it. I caught it just in time. I then went to the squire's office and at my request the squire sent for my husband. The squire asked him if he would not shelter his wife and children and he said no. I stayed with neighbors several nights and then I went back to my father." The son corroborated the mother and the libellant admitted that he had locked the door before she came, that his wife asked him to open and let her in, but he refused. His explanation for his action is that he thought she did not really desire to live with him, but he could have tested her sincerity by admitting her. The learned trial judge found that the husband refused to let his wife in but nevertheless found that the desertion occurred on the above date. His com-

ment is as follows: "If her abandonment of his domicile on the 11th of October, 1919, had been on account of his forbidding her entrance, and if there had been no attempt on his part afterwards to induce her to return, he would not be entitled to a decree of divorce on the ground of wilful and malicious desertion; but where he makes an honest endeavor to have his wife return shortly after the separation, and continues his offers, which are refused by her, it shows that the desertion is wilful and malicious and has been from its inception, so that the desertion will date from the actual separation. If the attempt of the respondent to enter the home after the hearing on October 11, 1919, was with the intention of remaining there, even though she were denied admission by the libellant, whether acting under a misapprehension as to the nature of the court's order or otherwise, she should have sought admission again and repeatedly. The fact that she refused the first offer of her husband to take her back shortly after the separation shows that her desertion was wilful and malicious from its inception."

We cannot follow the judge in this reasoning. There is no doubt that the wife wished to get into the house. She could not do it because her husband prevented her. Could it be said if she had succeeded in getting in and had remained there for some time and then left that her desertion would have occurred on the day she got into the house. The fact that she refused her husband's offer made some weeks after and within six months prior to the filing of the libel may indicate that she had changed her mind, but it does not show that she did not wish to return to her husband's house on October 11, 1919, on which day she did the only thing she could do to get back to her husband. The matter resolves itself into this anomaly that the husband's wrongful act in preventing his wife's return affords the basis of proving that she maliciously and wilfully deserted him on that occasion, for if he had admitted her there would not under any possible view, one might hold, have been any desertion

on that day. The intention to desert may be known by the declarations of the parties, but the intention cannot supply the absence of the act. A wife may intend to desert her husband, she may tell others that she is going to leave him, but the desertion only occurs when she actually leaves him. This wife had left the common domicile of these parties in the morning to attend the hearing on the charge of desertion and nonsupport and returned to the same place in the afternoon. This was not an offer to resume relations of which the bona fides was in question, it was merely an attempt to continue the status which attempt was frustrated by the libellant and we cannot see how it can be held to constitute desertion. Nor can we see that after the husband's repulse, the failure of the wife to seek admission to his home "again and repeatedly" proves that her departure from the common domicile under compulsion was a wilful and malicious desertion.

The libellant, therefore, had no right to file his libel. It was too soon. He had to wait six months after the actual desertion occurred. The courts cannot ignore the limitation imposed by the act of assembly: Wise v. Cambridge Springs Borough, 262 Pa. 139. The libellant is in the same position as one who brings his suit before his action accrues. The court had no jurisdiction and the libel should have been dismissed. All the assignments are sustained save the last which by reason of our conclusion on the others requires no discussion. The decree of the lower court is reversed and the libel dismissed. Appellee for costs.