# Cook *v.* Cook, Appellant.

*Divorce—Adultery—Evidence.*

Where, in a libel for divorce on the grounds of adultery, the inferences of guilt are fairly deducible from the testimony a decree in divorce is properly granted, although there is no direct evidence to establish the offense.

In this case, the lewd letters written by the respondent with the other evidence showing her numerous opportunities for the commission of the offense were held sufficient to sustain a decree.

Argued March 12, 1925.   Appeal, No. 313, Oct. T., 1924, by defendant, from decree of C. P. No. 5, Phila. Co., Sept. T., 1917, No. 68, in the case of Ralph W. Cook v. H. Amanda Cook.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Libel in divorce.   Before MONAGHAN, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to William F. Rorke, master, who died during the course of the proceedings.   John M.

Scott, Esq., was appointed substitute master, who filed a report recommending that the libel be dismissed, and recommending a divorce a mensa et thoro on the cross-libel. On exceptions to the master's report the court sustained the exceptions and granted the divorce. Respondent appealed.

*Error assigned* was the decree of the court.

*W. Horace Hepburn, Jr.,* for appellant.

*E. W. Lank,* of *Smithers, Lank & Horan,* for appellee.

OPINION BY LINN, J., April 28, 1925:

We all agree that the record shows appellant committed adultery with Sommers. The evidence is circumstantial, and calls for the application of Lord Stowell's well-known dictum, quoted by GIBSON, C. J., in Matchin v. Matchin, 6 Pa. 332, 338, and frequently followed since. Thirteen letters written by appellant to Sommers are in evidence,—only part of her correspondence,—the rest, having been obtained from Sommers by appellant's brother was burned. It is unnecessary to state the contents of these letters; they are lewd, lecherous and libidinous. When her husband charged her with having written such letters, she denied it, until he began reading them, when, admitting the authorship, she asked him to desist; he accused her of having improper relations with Sommers, and stated that he would leave her; she begged him to remain and suggested they reside under the same roof "for appearance sake." She did not deny this evidence, though her attention was called to it, her answer being she "couldn't tell all [she] said to him." Sommers wrote letters to her addressed in care of a Mrs. Paxson, a common friend, at whose apartment he used to meet appellant, and where she obtained the letters; she testified she had destroyed them.

403, (1925).]        Opinion of the Court.

We need not consider whether the offense charged was also committed during their meetings in Atlantic City, or in New York, or at Mrs. Paxson's apartment (Mrs. Paxson was not called as a witness) for we are all convinced by the evidence it was committed in the apartment in which libellant and his wife lived in Philadelphia. This apartment consisted of five rooms and bath, with the kitchen at one end, and a sitting room at the other. There Sommers made frequent calls on appellant in the daytime, generally in the morning, always in libellant's absence. Appellant contends that these visits should have been considered innocent, because there was a servant in the kitchen with opportunity to go about the other rooms (two of them bedrooms) and discover what might occur elsewhere. But both appellant and the servant testified that occasionally the servant went to market and left them there alone. More than once Sommers was in appellant's bedroom; being asked "What was she [appellant] doing in her bedroom," the witness replied, "Why when she was sick in bed—she was supposed to be in bed —he would sit in the chair beside the bed"; in response to whether it was "a slight illness" the witness said, "yes." When appellant was asked "Did you act as foolish with Harry Sommers when you were with him as you did when you wrote letters to him," she replied, "We talked as foolishly as the letters sound." She did not "think he was ever in the place over an hour, if a full hour."

Sommers was called as a witness and after exhibiting a very defective memory, finally declined to testify on essentials because of the possible effect his answers might have on him.

The precedents are against appellant: Matchin v. Matchin (supra), Gruninger v. Gruninger, 190 Pa. 633; Reighter v. Reighter, 58 Pa. Superior Ct. 636; Hilton v. Hilton, 66 Pa. Superior Ct. 378; King v. King, 75 Pa. Superior Ct. 19.

Decree affirmed.