## Commonwealth v. Mohr. Commonwealth v. Waid.

*Criminal law—Demurrer to evidence.*

1. On a demurrer to the evidence of the Commonwealth, the court dismisses the jury and enters such judgment as is warranted by the evidence.

*Criminal law—Adultery—Evidence—Relations of parties after arrest.*

2. The quality of testimony which is necessary to sustain a charge of adultery is the same in a civil as in a criminal case. The only difference is the quantity. In a criminal case it must be proved beyond a reasonable doubt. In divorce, where the inferences of guilt are fairly deducible from the testimony, a decree is properly granted, although there is no direct evidence to establish the offence.

3. The act of adultery may be inferred from the circumstances.

4. On the trial of an indictment charging adultery evidence is admissible to show the relations of the parties subsequent to the arrest.

Rule for new trial. Q. S. Berks Co., Sept. Sess., 1926, Nos. 216 and 217.

*J. W. Speicher*, for defendant and rule.

*Bertram J. Murphy* and *Emanuel Weis*, contra.

STEVENS, J., Nov. 15, 1926.—These two cases, the first charging adultery and the second fornication, were tried together and resulted in verdicts of guilty. Defendants have filed reasons for a new trial, alleging that the verdicts were against the law, the evidence, the weight of the evidence and the charge of the court, and that the court erred in overruling defendants' demurrers to the evidence. The record does not disclose that the defendants entered demurrers. We recall that counsel talked about demurring to the evidence, but our recollection further is that, when it was explained that such action would result in the dismissal of the jury and the entry of such judgment by the court as the evidence warranted, he decided to submit no testimony and to take the last speech to the jury. That step must be regarded as signifying his unwillingness to stand upon his demurrers, if entered, and as equivalent to a withdrawal thereof. There was no written request for instructions to the jury. The effect of a demurrer to the evidence is considered in Com. *v.* Williams, 71 Pa. Superior Ct. 311, 313, also in Com. *v.* Sonis, 81 Pa. Superior Ct. 205, 211. In the state of the record and of the facts as we recall them, we do not find that demurrers were entered. Nor does it seem to us that we could overrule a demurrer, unless, perhaps, the entry of judgment against the defendant might be so regarded, for, as before stated, upon the entering of a demurrer and the joinder of issue thereon, the court accepting the action of the counsel dismisses the jury and disposes of the case upon the demurrer: Com. *v.* Williams, 71 Pa. Superior Ct. 311, 313. The error complained of in this regard cannot be maintained.

As to the remaining reasons, these were argued together, no fault being found or argued against the charge of the court, but defendants complaining that the evidence was insufficient to support convictions, in that the defendants were not identified, and in that the facts and inferences from the evidence were not such as to permit the jury to find that the offences charged had been committed. Their contention is that the Commonwealth's testimony does not establish a lustful or adulterous disposition of one toward the other, relying upon Ulle *v.* Ulle, 15 Berks Co. L. J. 146, in which Judge Endlich sets out the essentials to establish adultery by circumstantial evidence.

Taking all the evidence in the case, the jury were justified in finding beyond a reasonable doubt that, beginning as early as July 9, and up to Aug. 3, 1926, Mohr's car was parked at frequent intervals in front of the house in

which the other defendant had an apartment; that on July 21st, 26th and 28th and Aug. 3rd he was seen to enter said house and remain therein for several hours until close to or after midnight, at which times there were no lights in the apartment; that on July 28th he entered the house at 10 P. M., that the lights remained out, that mumbling voices were heard in the apartment shortly before 1.30 A. M., at which hour the lights were turned on, and Mohr was seen leaving the apartment and talking to the other defendant; that on Aug. 3rd he was arrested in the apartment in company with Mary E. Waid, he lying on the couch and she standing beside it, the lights being out; and that the Waid woman, in Mohr's presence, said it was all right for him to go with her as he was not living with his wife, and later that she did not know he was married.

In the absence of other evidence showing disposition, as, for example, previous and subsequent conduct, letters, etc., how is it to be proven better than by acts? What actuated the seeking of and being in each other's company, he a married man living with his wife and family, late at night alone with her in her apartment? Surely this indicated an improper familiarity between them with reference to which the only reasonable conclusion is that it was actuated by an adulterous or lustful disposition of each toward the other: Newhard v. Newhard, 11 Lehigh Co. L. J. 224, 225.

The quality of testimony which is necessary to sustain a charge of adultery is the same in a civil as in a criminal case. The only difference is the quantity. In a criminal case it must be proved beyond a reasonable doubt: Paul v. Paul, 72 Pa. Superior Ct. 70. In divorce, where the inferences of guilt are fairly deducible from the testimony, a decree is properly granted, although there is no direct evidence to establish the offence: Cook v. Cook, 85 Pa. Superior Ct. 403, in which, at page 405, the precedents are cited from Matchin v. Matchin, 6 Pa. 332, to King v. King, 75 Pa. Superior Ct. 19. See Hilton v. Hilton, 66 Pa. Superior Ct. 378, similar in some of the facts to the case here. As said in Cook v. Cook, 5 D. & C. 481, 485, citing Darragh v. Darragh, 47 Pa. C. C. Reps. 155, facts showing lack of discretion or justifying a strong suspicion of guilt will not alone be sufficient; but where the evidence shows a course of conduct between a married woman and a man not her husband, which has continued secretly over a long period of time, and shows a total lack of the proprieties of married life, with ample opportunity for the commission of the offence, they should not be heard to complain that those sitting in judgment are unable to reconcile their actions and conduct on any theory other than that of guilt. All that the law requires is that the circumstances must be such as will lead the guarded discretion of a reasonable and just man to the conclusion that the alleged act was committed: 1 Ruling Case Law, 648, § 28. Where circumstantial evidence is relied upon to sustain a conviction, as is usually the case, it is peculiarly within the province of the jury to weigh the evidence and determine what it is worth: 1 Ruling Case Law, 648, § 28. The act of adultery may be inferred from the circumstances: 2 Corpus Juris, 24; Com. v. Mosier, 135 Pa. 221; Cornelius v. Hambay, 150 Pa. 359. True, circumstances susceptible of a reasonable interpretation consistent with innocence, and which do not lead to guilt by a fair inference as a necessary conclusion, are insufficient; but it is equally true that where the conclusion is so far inevitable that the supposition of innocence cannot, by any just course of reasoning, be reconciled with it, these circumstances are sufficient.

Despite the fact that the Commonwealth was erroneously restricted by the court in its refusal to permit it to show the relations of the parties

subsequent to the arrest, which was admissible (1 Wigmore on Evidence, §§ 398-400), we feel that the evidence was sufficient to sustain the convictions. The evidence as to identification was sufficient.

And now, to wit, Nov. 15, 1926, the rules to show cause are discharged.

From Charles K. Derr, Reading, Pa.