## Graybill v. Graybill.

*Edwin M. Gilbert*, for libellant; *Paul A. Mueller*, for respondent.

GROFF, J., April 19, 1930.—This is a divorce proceeding, wherein Weidler Graybill, of Lancaster City, Pennsylvania, on July 5, 1929, filed a libel for divorce in the Court of Common Pleas of Lancaster County, alleging that his wife, Kathryn M. Graybill, "willfully and maliciously deserted and absented herself from the habitation of this libellant without any just or reasonable cause and such desertion hath persisted in for more than one year last past or since the tenth day of August, A. D. 1927."

On this petition a subpœna for divorce was issued and served upon the respondent, Kathryn M. Graybill, whereupon she, through her counsel, Paul A. Mueller, entered her appearance and filed an answer on Oct. 26, 1929.

On Nov. 16, 1929, an issue was agreed upon between the parties and allowed by the court as follows:

"1. Did the defendant on Aug. 10, 1927, willfully and maliciously desert and absent herself from the habitation of the said plaintiff without reasonable cause?

"2. Has the defendant since Aug. 10, 1927, continued in such desertion for more than two years last past or until the date of the filing of the libel in divorce."

On Jan. 27, 1930, the libellant, through his counsel, Edwin M. Gilbert, moved the court to permit the plaintiff to amend his libel filed in the above case by adding the following: "That the said Kathryn Graybill, the respondent, in violation of her marriage vow, hath for a considerable time past given herself up to adulterous practices and been guilty of adultery with a certain William Hartman and with divers other persons, to the petitioner unknown," and signed by Edwin M. Gilbert, attorney for Weidler Graybill. The motion was allowed and the libel was amended.

On Feb. 1, 1930, Paul A. Mueller, attorney for respondent, came into court and asked for a rule to show cause why an alleged amendment to the libel in this cause, presented to the court on Jan. 27, 1930, should not be stricken off for the following reason:

"1. That the so-called amendment is neither signed nor sworn to by the libellant."

Should this amendment be stricken from the record?

Originally and under the English common law as introduced into this country, the jurisdiction over divorces was exercised by the ecclesiastical and the chancery or equity courts.

There has been a long contention as to whether or not a libel in divorce could be amended, as it is sought to be in this case, by adding a complete new cause of action.

In Toone v. Toone, 10 Phila. 174, Judge Paxson, then on the Common Pleas bench, decides the question in favor of allowing such amendment, saying that the power of the court to permit amendments in a divorce case does not depend on the statutes of amendment; that they refer to common law actions, not to a proceeding in equity; and that divorce is in the nature of a proceeding in equity. In this position we find, on examination, that he is fully sustained by the history of the action and by the authorities. Chancellor Kent, in speaking of divorce proceedings, calls it "this newly created branch of equity jurisprudence." The jurisdiction is conferred by statute; but in this and other states where not otherwise regulated by statute, the proceeding is regulated by equity practice and by the rules and practice prevailing in the ecclesiastical courts.

After examining a very great number of cases, we have determined that the libel can be amended at the proper time and in the proper manner by adding a new cause of action and provided the respondent has proper notice thereof.

Mr. Justice Paxson, in Appeal of Margaret A. Powers, 120 Pa. 320, at page 327, said, when the case was being heard in the Supreme Court:

"A motion was made at bar for leave to amend the libel by inserting an averment of cruel and barbarous treatment by the wife. We declined to allow the amendment for the reason that it made a change in the cause of action, requiring for its support a different line of proof. The libellant could have amended below, when, if the respondent was of opinion that additional evidence was required to meet the new charge, she would have had an opportunity to introduce it. It would be unjust to allow the amendment at this stage of the proceedings."

In A. v. B., 2 Dist R. 393, where the libellant obtained a rule on the respondent to show cause why the libel should not be amended by adding thereto a charge of adultery, Biddle, J., orally, Feb. 18, 1893, decided "The Supreme Court in Powers' Appeal, 120 Pa. 320, 327, appear to have decided that an amendment of this character is admissible," and the rule was made absolute.

In Ryan v. Ryan, 19 Dist. R. 856, we find the same doctrine, namely, that "A libel in divorce for cruel and barbarous treatment may be amended by adding as a cause adultery committed before and after the filing of the libel." There does, therefore, seem to be abundant authorities authorizing such amendments.

The first comprehensive divorce law was passed in the State of Pennsylvania in 1815, P. L. 150. The first paragraph thereof set out the causes of divorce. The second paragraph thereof provided:

"That if any person hath been or shall be injured as aforesaid, the husband, in his own proper person, or the wife, by her next friend, may exhibit his or

384

her petition or libel, to the judges of the court of common pleas of the proper county where the injured party resides, in term time, or to one of the judges of the same court in the vacation, at least thirty days before the next term, setting forth therein particularly and specially, the causes of his or her complaint, and shall, together with such petition or libel, also exhibit an affidavit, on oath or affirmation, taken before one of the same judges or a justice of the peace of the proper county, that the facts contained in said petition or libel are true, to the best of his or her knowledge and belief, and that the said complaint is not made out of levity or by collusion between the said husband and wife, and for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the said petition or libel, and thereupon a subpœna shall issue from the said court, signed by one of the judges thereof, directed to the party so complained against, commanding him or her . . ."

It is easy to understand what a great injustice might be done a respondent, or co-respondent, when adultery is added as a new cause for divorce if the facts are not verified by an affidavit, or there is no service on the respondent, and while the act of assembly above referred to, and the supplements and amendments thereto, committed the administration of the divorce laws to the courts of common pleas, they have been administered to a greater or less degree according to equity practice. Divorce cases are heard by masters and the opinions or decisions reached are decrees. It seems to us that amendments introducing a new cause of action are of just as much solemnity and importance as the original libel, and, therefore, should be petitioned for and duly verified by an affidavit, following somewhat the practice in equity.

The codification of the divorce laws, as approved May 2, 1929, P. L. 1237, makes no change as to the court by which, or the manner in which, the divorce laws are to be administered. The codification is simply a reënactment of the laws in existence, with the repeal of certain specified acts.

While we discover that amendments in divorce cases are in many courts regulated by the rules thereof, this court has no rule in reference thereto, but we feel that the practice in the future in making amendments should be by petition, duly verified by affidavit.

Our practice heretofore has been to allow amendments to be made on motions of counsel, without any affidavit of the libellant as to the truth of the facts therein alleged and without filing a petition.

In King v. King, 75 Pa. Superior Ct. 19, Linn, J., in his opinion, at page 20, says: "The trial judge below, after hearing the witnesses in open court, sustained a complaint in divorce for two causes: indignities to the person of libellant and adultery with a named person. This appeal is from that decree. The former only of the two causes was stated in the complaint filed; the latter was added by amendment." The question then arose whether or not an affidavit as prescribed by the Act of March 13, 1815, 6 Sm. Laws, 286, to be made to an original petition must be made to the petition for amendment. There, as we understand his decision, an affidavit was made to the petition for the amendment, but not in the statutory form, and what the court held was that an amendment did not require the statutory affidavit, not that an affidavit was not necessary.

An examination of the form books, while not being recognized as stating the law, gives some indication of what the general practice is, and all the form books we have examined would indicate that a libel in divorce should be amended by petition, having an affidavit of the truth of the facts attached.

We believe this is the proper practice, although it has not been the practice followed by this court in the past. The court intends to adopt a rule of court regulating amendments in divorce cases.

In the particular case now being considered, we will, in view of our past practice, sustain the amendment as made and discharge the rule to strike off the amendment. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.