## Quinn *v.* Quinn, Appellant.

Argued October 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

Petition dismissed, before FINLETTER, P. J., and HEILIGMAN, J., opinion by FINLETTER, P. J.. Petitioner appealed.

*Abraham L. Freedman,* with him *Max Walls,* for appellant.

*Leon Sacks,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *John Y. Scott,* Deputy Attorney General, for appellee.

OPINION BY JAMES, J., January 29, 1937:

On July 13, 1931, Thomas J. Quinn died and at the audit of his estate in the Orphans' Court of Philadelphia County, the present appellant made claim for her widow's share of his estate. Her claim, by reason of a decree of divorce a. v. m., was denied and the balance of the estate awarded to the Commonwealth of Pennsylvania; whereupon, the appellant filed her petition in the Court of Common Pleas of Philadelphia County to show cause why the decree of divorce entered against her should not be vacated, to which an answer was filed by the Commonwealth and the matter was disposed of on petition and answer. The rule was discharged and the petition dismissed, from which final order this appeal followed.

From the averments of the petition and answer and the original proceeding in divorce, the following facts were established: Appellant and Thomas J. Quinn were married in the City of Philadelphia on June 10, 1913 and lived there until April 17, 1914. The husband on May 27, 1914 filed his libel in divorce alleging cruel and barbarous treatment, and the subpoena was

personally served upon respondent on May 28, 1914. On June 10, 1914 Edwin S. Ward, Esq., filed his warrant of attorney and on the same day respondent's answer was filed. A rule was entered on June 29, 1914 directing the libellant to pay the respondent $35 for counsel fees. On July 2, 1914, a rule for an order on libellant for alimony was filed, his answer filed July 7, and on July 13 an order was made directing the libellant to pay respondent the sum of $3.50 per week for alimony pendente lite. On February 25, 1915, the court appointed Thomas J. Norris, Esq., master and as appears from the report of the master, a hearing was fixed for March 22, 1915, at 3 P. M. at his office, as the time and place for the first meeting to take testimony. On March 10, 1915, Edwin S. Ward, Esq., respondent's attorney, wrote a letter to the master which was "to the effect that he did not consider he further represented the respondent in said proceeding inasmuch as another attorney had called upon him and stated that the respondent had consulted him in the matter." Mr. Ward could not recall the name of this attorney. At the hearing on March 22, 1915, the master examined the libellant and one witness in order to ascertain the respondent's whereabouts. The best information obtainable at the time was that the respondent was living in New York City, but the exact address was unknown. The master fixed April 8, 1915, as the time for the second meeting, at which time Harry P. Katz, Esq., appeared on behalf of Mr. Ward and stated that Mr. Ward had last seen or heard from respondent on July 14 or 15, 1914, when she called to see him and said she was going to live with her brother in New York and intimated that she would get someone else to represent her in this proceeding; that subsequently, Thomas E. Cogan, Esq., called upon Mr. Ward and Mr. Ward told him that he had no objection to his representing respondent. However, Mr. Cogan never entered an appearance or warrant of at-

torney on behalf of the respondent. The master fixed May 10, 1915, as the time for the next meeting and advertised notice thereof in the New York Herald in New York City once a week for four weeks, prior to the date of the hearing. The meeting, fixed for May 10, was continued to May 13, at which time testimony was taken, which was given by libellant and a witness. Neither respondent nor her counsel appeared.

On November 9, 1915, on libellant's petition, a rule was granted, returnable November 22, 1915, to show cause why paragraph 4 of the libel filed should not be amended by the addition of the following paragraph, to-wit: "And the libellant avers that in violation of her marriage vow and of the laws of this Commonwealth the said Susanna Quinn, the respondent, on or about April 17, 1914, at No. 2724 N. Lawrence Street, Philadelphia, wilfully, maliciously and without reasonable or probable cause, deserted libellant and absented herself from his habitation, and has persisted, wilfully, maliciously and without reasonable or probable cause in absenting herself from his habitation, for a long period of time, to-wit, from on or about April 17, 1914, hitherto." Service of the rule to amend was made on the office of Edwin S. Ward, Esq., on November 12, 1915, and the rule was made absolute on November 22, 1915. On June 9, 1916, a notice was personally served upon respondent at 2344 North Third Street, Philadelphia, that the court had made absolute the rule to amend the libel by including a charge of desertion. On September 6, 1916, the master held a further hearing at which testimony was taken on the charge of desertion. Written notice of the hearing was served upon record counsel for respondent, and the master attempted to serve notice upon the respondent at the residence at 2344 North Third Street, Philadelphia, but was informed that she was then living in Chelsea, N. J. On September 19, 1916, the master filed his report recommending a divorce

on the ground of desertion, which was approved by the court on October 20, 1916, and on October 31, 1916, the final rule for divorce was issued, returnable Monday, November 27, 1916, at 10 A. M. The final rule and notice, from counsel for libellant, was personally served upon respondent at her residence at Chadds Ford, Pa., on November 14, 1916, and also upon record counsel on November 4, 1916, at his office, 209 Lincoln Building, Philadelphia. The final decree of divorce was granted on November 27, 1916. The petition to set aside the decree was filed June 23, 1932.

Appellant argues that as the amendment fixed the desertion as of April 17, 1914, less than six months prior to May 27, 1914, the date upon which the original libel in divorce was filed, the court of common pleas was without jurisdiction to entertain the cause of divorce. By section 5 of the Act of April 26, 1850, P. L. 590, jurisdiction was conferred on the courts of common pleas in all cases of divorce for the cause of wilful, malicious and continued desertion, and the libel could be filed at any time not less than six months after such cause shall have arisen; but no final decree in divorce could be entered until after the expiration of two years from the time at which such desertion took place. In the case of *English v. English,* 19 Pa. Superior Ct. 586, former President Judge RICE of this court said: " 'Objections to jurisdiction are of two classes, between which there is a clear and well settled distinction: first, those relating to the authority of the court over the subject-matter; and, secondly, those relating to its authority over parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence......
But in the second class the rule is different. The party exempt from jurisdiction may waive his personal privilege, and if he does so the jurisdiction of the court is complete. Thus if the defendant is not duly served with process, or is a nonresident beyond the reach of the

process, or if served while temporarily exempt as a juror or party to witness, or member of the legislature, the proceeding as to him will be void or voidable on showing the facts. But if he waives his exemption and appears voluntarily, the jurisdiction of the court over him is thereafter beyond question:' *Commonwealth v. Barnett,* 199 Pa. 161, 177. This clear statement of the distinction between the two classes of objections or jurisdiction may safely be taken as a guide in our consideration of the objections here raised."

The libel as originally filed, alleging cruel and barbarous treatment, was in proper form and personal service having been made on respondent and an answer filed, the court had jurisdiction of the parties and of the cause, and had the testimony, which was submitted to the master, been sufficient upon which to base a decree thereon, it would be a valid and binding decree. Having jurisdiction of the original libel and of the parties, the court, upon proper application, was authorized to amend the original libel by adding thereto an additional cause of divorce. The right to amend a libel in divorce by adding a new cause of action has frequently been recognized by our courts. "A libel in divorce, although not technically a bill in equity, may be said to be of the nature of a proceeding in equity. While it is a statutory remedy, and conducted according to statutory forms, those forms bear a close analogy to the forms in equity. Amendments in such cases are not of right, but rest in the sound discretion of the court. That discretion is controlled to some extent by the same considerations that would move a chancellor in ordinary equity proceedings; and by analogy, by the acts of assembly in reference to amendments at law": *Toone v. Toone,* 10 Phila. 174; *Clayburgh v. Clayburgh,* 15 W. N. C. 365. Justice PAXSON, who wrote the opinion in *Toone v. Toone,* supra, when a member of the common pleas court of Philadelphia, said in *Powers' Appeal,*

120 Pa. 320, 327, 14 A. 60: "A motion was made at bar for leave to amend the libel by inserting an averment of cruel and barbarous treatment by the wife. We declined to allow the amendment for the reason that it made a change in the cause of action, requiring for its support a different line of proof. The libellant could have amended below, when, if the respondent was of opinion that additional evidence was required to meet the new charge, she would have had an opportunity to introduce it. It would be unjust to allow the amendment at this stage of the proceedings." It is within the discretionary power of the court of common pleas to permit an amendment and the exercise of it is not ground for reversal except where there is an abuse of discretion: *Fay v. Fay*, 27 Pa. Superior Ct. 328; *Jackson v. Jackson*, 49 Pa. Superior Ct. 18. In *King v. King*, 75 Pa. Superior Ct. 19, where the original libel charged indignities to the person, an amendment was allowed adding the cause of adultery, and this court held that it was unnecessary to attach to the amendment the statutory affidavit required in the original libel.

In reaching its conclusion, the court below was persuaded by the analogy of *English v. English*, supra, while appellant earnestly argues that our decision in *Barning v. Barning*, 46 Pa. Superior Ct. 291 should be controlling. In the English case the appeal was by libellant after a decree had been entered in her favor, while in the Barning case libellant appealed from a decree refusing her divorce for lack of jurisdiction. In both cases the question was the lack of residence of libellant for a whole year. In the English case the court granted libellant leave to withdraw the original libel filed from the record and to file an amended bill. In the Barning case, by leave of court, an amendment to the original libel was filed. In the opinion filed in the Barning case, the learned President Judge of this court distinguished between filing an amended libel and

a mere amendment of a libel already filed which the court had no jurisdiction to entertain. This was held to be a matter of substance and not of form. In both the English and Barning cases the court was without jurisdiction under the original libel, but in the present case the court had jurisdiction upon the original libel. In adding the cause of desertion to the libel at a time authorized by the act of assembly, the original libel was not changed as to matters which gave the court jurisdiction at the time the original bill was filed. The court below in its opinion said: "In the instant case both parties were in court, which was opened to them by the charge of cruelty. The so-called amendment charging desertion was in fact a new charge, 'added' to the libel, so that the analogy of the English case would apply. It was not an amendment of the cruelty charge, but an additional charge, which the court permitted by the same authority the court had in the English case to permit a 'new libel' to be filed after the statutory residence had been acquired; and with greater right because in the instant case the parties were from the beginning within the court, whereas in the English case they were not there until the new libel had been filed." We are in accord with this reasoning.

In *Swantkowski v. Swantkowski*, 80 Pa. Superior Ct. 400, the libel was dismissed as the charge of desertion was less than six months prior to the filing of the libel. The question of amendment was not involved. In *Mintz v. Mintz*, 83 Pa. Superior Ct. 85, it was held that the court had no jurisdiction as insanity is not a cause of divorce in Pennsylvania.

Appellant further contends that if the decree of divorce is not void, it is voidable and should be set aside because of certain irregularities. It may be conceded that had objection been promptly made to the failure to give appellant notice of the final hearing, either by personal service or by registered mail, to her last known

place of residence or by notice of publication, the court below might have been warranted in setting the decree aside. But as we view this proceeding, we must assume as true that service of the final rule was personally made upon appellant. Having had notice of the proceeding and employed counsel, she was fully aware of its nature, and when she was served with the final rule it was her duty to protect her rights by instituting an appropriate proceeding. Her failure to act for nearly sixteen years and then only after the death of her husband, when his estate was to be distributed, indicates too clearly to us that she has been aroused to activity not for the purpose of vindicating herself, but for selfish motives. To set aside this decree, under such facts, would seriously undermine the validity of divorces.

Order affirmed.