## Geyer v. Geyer

*William C. Schwebel* and *Clarence M. Freedman,* for libellant.

*John R. K. Scott,* for respondent.

SMITH, P. J., December 20, 1944. — This matter comes before the court on a petition to amend a libel in divorce by adding a new cause of action, the charge of adultery, alleged to have been committed subsequent to the filing of the libel.

The original libel was filed on September 11, 1930, in which libellant charged respondent with indignities to his person. The petition avers that the adultery was committed by respondent on November 13, 14, and 17 of 1944. It is the contention of respondent that the libel cannot be amended.

The right to amend a libel in divorce by adding a new cause of action to that originally set forth in the libel has frequently been recognized by our courts. In Quinn v. Quinn, 125 Pa. Superior Ct. 359, the court said (pp. 364 and 365) :

"The right to amend a libel in divorce by adding a new cause of action has frequently been recognized by our courts. 'A libel in divorce, although not technically a bill in equity, may be said to be of the nature of a proceeding in equity. While it is a statutory remedy, and conducted according to statutory forms, those forms bear a close analogy to the forms in equity. Amendments in such cases are not of right, but rest in the sound discretion of the court. That discretion is controlled to some extent by the same considerations that would move a chancellor in ordinary equity proceedings; and by analogy, by the acts of assembly in reference to amendments at law': *Toone v. Toone*, 10 Phila. 174; *Clayburgh v. Clayburgh*, 15 W. N. C. 365. Justice PAXSON, who wrote the opinion in *Toone v. Toone*, supra, when a member of the common pleas court of Philadelphia, said in *Powers' Appeal*, 120 Pa. 320, 327, 14 A. 60: 'A motion was made at bar for leave to amend the libel by inserting an averment of cruel and barbarous treatment by the wife. We declined to allow the amendment for the reason that it made a change in the cause of action, requiring for its support a different line of proof. The libellant could have amended below, when, if the respondent was of opinion that additional evidence was required to meet the new charge, she would have had an opportunity to introduce it. It would be unjust to allow the amendment at this stage of the proceedings.' It is within the discretionary power of the court of common pleas to permit an amendment and the exercise of it is not ground for reversal except where there is an abuse of discretion: *Fay v. Fay*, 27 Pa. Superior Ct. 328; *Jackson v. Jackson*, 49 Pa. Superior Ct. 18. In *King v. King*, 75 Pa. Superior Ct. 19, where the original libel charged indignities to

the person, an amendment was allowed adding the cause of adultery, and this court held that it was unnecessary to attach to the amendment the statutory affidavit required in the original libel."

This case makes it clear that the confusion as to amendments existing prior to the case of Powers' Appeal, 120 Pa. 320, was clarified by the reasoning of Paxson, J. (then of the lower court), and later followed by the appellate courts of this State. There was more confusion in the opinions of the court where the amendments were for a cause of action arising subsequent to filing of the libel. In Mallon v. Mallon, 11 Dist. R. 456, Galbogis v. Galbogis, 21 Dist. R. 515, Ackerman v. Ackerman, 3 D. & C. 296, Blesh v. Blesh, 18 D. & C. 721, and others, it was the opinion of the court that such an amendment should not be granted. On the contrary, in Getz v. Getz, 14 Dist. R. 69, Ryan v. Ryan, 19 Dist. R. 856, Litch v. Litch, 27 Dist. R. 1029, Graybill v. Graybill, 14 D. & C. 382, and others, the opinion of the courts was that an amendment was proper. It is admitted that in none of these cases was the cause of action an adultery committed subsequent to the filing of the libel. They do, however, in many instances, show a tendency toward a more liberal interpretation of the right to amend a libel, which reasoning was clarified in Powers' Appeal, supra.

The first case in our appellate courts where the right to amend a libel was granted, adding adultery as a new cause of action where the alleged offense took place subsequent to the filing of the libel, was the case of Brown v. Brown, 121 Pa. Superior Ct. 74 (1936). In that case the libel charged the respondent with indignities to the person. The libel was filed on February 18, 1931. On May 2, 1932, leave was granted by the court to the libellant to add as a new cause of action adultery, and an amended libel was filed charging the respondent with indignities to the person and adultery. Subsequently the charge of indignities was dropped and the case was tried upon the charge of adultery. The

proof showed that the adultery was committed in the month of March 1932. Final decree in divorce was granted by Court of Common Pleas No. 1 of Philadelphia County which was later affirmed by the Superior Court in an opinion by Judge Stadtfeld.

The Act of May 25, 1933, P. L. 1020, sec. 25, amending The Divorce Law, provides:

"The Court may allow any libel to be amended so as to include additional grounds or causes for divorce, including such as arose subsequent to the awarding of the subpœna. Notice of any such amendment shall be served on the respondent in such manner as the court may direct in its order allowing the amendment."

We have thus concluded that the petition to amend the libel in this case shall be granted.

### Order

And now, to wit, December 20, 1944, the petition of the libellant to amend the libel is granted. Notice of such amendment shall be served on respondent in such manner as is now provided in the rules of court for the service of libels or subpœnas in divorce.