# Fleming *v.* Fleming, Appellant.

*Divorce—Desertion—Decree obtained — Vacation — Fraud and imposition:*

Courts have the power to set aside a decree of divorce obtained by fraud and imposition notwithstanding the lapse of years. The rule that a judgment or decree will not be set aside for intrinsic fraud, or false swearing at the trial, does not apply where the other party had no knowledge of the suit and was not represented on the trial, and there has, therefore, never been a real contest in the hearing of the case.

Where a husband has suggested or encouraged the separation between himself and his wife he cannot charge her with wilful and malicious desertion.

A decree of divorce, secured by false swearing and suppression of the truth, will be set aside, even although the libellant has married again. The rights of the injured respondent must first be considered and there is no injustice in the proper exercise of the power to vacate such a decree. To hold that a libellant can transform a fraudulent decree of divorce into a valid one, by the simple expedient of marrying again, is to put a premium on fraud and perjury in divorce proceedings.

Argued November 19, 1923. Appeal, No. 58, Oct. T., 1923, by respondent, from order of C. P. Delaware Co., Sept. T., 1920, No. 464, discharging rule to vacate decree of divorce, in the case of John H. Fleming v. Oda Booth Fleming. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to vacate decree of divorce. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Respondent appealed.

*Morton Z. Paul,* and with him *Samuel J. Houston,* for appellant.—The decree was obtained through fraud and misrepresentation and should have been vacated: Baxmeier v. Baxmeier, 65 Pitts. 145, 45 C. C. 299; Os-

wald v. Oswald, 67 Berks 177; Rottger v. Rottger, 37 Lanc. 345; Maus v. Maus, 80 Pa. Superior Ct. 428.

*W. Roger Fronefield,* for appellee.

OPINION BY KELLER, J., October 13, 1924:

The testimony on this rule is convincing that the decree of divorce was obtained by fraud and imposition practiced on the court by the libellant. The divorce proceedings were ex parte; the respondent was not served with process, nor represented at the hearing. The ground of divorce set up in the libel was wilful and malicious desertion; the libellant swore that he had done nothing to justify the respondent in leaving, and that neither of them had written to the other since her departure; yet it developed that the following letter was written by the libellant to the respondent one month after the date fixed by him in the libel as the beginning of her desertion from his habitation:

"My dear Oda:                              11/7/02.
    "It is evident to me after careful deliberation that we can no longer live together.
    "We have been virtually separated for a period of six months and I cannot but feel that it must so continue. I therefore desire that you arrange to live elsewhere, and that you will not return to my home. as you would be unwelcome.
    "I will forward you to any address you may designate, monthly, a check to cover your living expenses.
    "My action herein is final, there can be no appeal.
                         "Yours very truly,
                              "J. H. Fleming."

This letter was never retracted. It establishes, (1) that the respondent had not at that time permanently separated herself from the libellant, and (2) that he was urging, if not ordering, her to do so. Had this letter been brought to the attention of the court below upon the hear-

ing for divorce, no decree would have been entered in favor of the libellant; for where a husband has suggested or encouraged a separation between himself and his wife he cannot charge her with wilful and malicious desertion: Middleton v. Middleton, 187 Pa. 612; Neagley v. Neagley, 59 Pa. Superior Ct. 565, 571; Pomerantz v. Pomerantz, 71 Pa. Superior Ct. 241; Sternberg v. Sternberg, 73 Pa. Superior Ct. 328; King v. King, 36 Pa. Superior Ct. 33. The decree was secured by false swearing and suppression of the truth. This applies, in my opinion, to the libellant's testimony that he had no knowledge as to the respondent's whereabouts for the last ten years no less than to his evidence as to the grounds of divorce.

The courts have power to set aside a decree of divorce obtained by fraud and imposition, notwithstanding the lapse of years: Given v. Given, 25 Pa. Superior Ct. 467, 470; or the death of the libellant: Boyd's App., 38 Pa. 241; Fidelity Ins. Co.'s App., 93 Pa. 242. The facts in the last two cases were strikingly similar to this case. The rule that a judgment or decree will not be set aside for intrinsic fraud, or false swearing on the trial or hearing, does not apply, where, as here, the other party had no knowledge of the suit and was not represented on the trial, and there has, therefore, never been a real contest in the hearing of the case: U. S. v. Throckmorton, 98 U. S. 61; McEvoy v. Quaker City Cab Co., 267 Pa. 527, 534; Powell v. Doyle, 77 Pa. Superior Ct. 520, 524.

The court below refused to vacate the decree thus fraudulently obtained, solely because the libellant had married again. The order reads as follows: "And now January 2, 1923, it appearing to the court that after the decree in divorce was made on June 1, 1921, and prior to the taking of the rule to vacate the decree on July 29, 1921, the libellant has remarried with Mary Doak, on June 21, 1921, the above rule is refused."

This is not a sufficient or legal reason for refusing to vacate a decree obtained by fraud and imposition on the

court.  In Allen v. Maclellan, 12 Pa. 328, the libellant married again and had children by such marriage, but the Supreme Court, (GIBSON, C. J.) held that the rights of the injured respondent were to be first considered and that there was no injustice in the proper exercise of the power to vacate such a decree.  To hold that a libellant can transform a fraudulent decree of divorce into a valid one by the simple expedient of marrying again is to put a premium on fraud and perjury in our divorce courts.

The order of the court below exhibits such an abuse of discretion as to call for its reversal.

The order is reversed and the record remitted to the court below with directions to reinstate and make absolute the rule to vacate the decree of divorce.