## McFadden *v.* McFadden, Appellant.

*Divorce—Decree—Vacating decree—Perjury—Day in court—Fraud —Intrinsic—Extrinsic.*

A decree in divorce will be vacated after the expiration of the term at which it was entered only for extrinsic or collateral fraud promptly complained of after its discovery.

Where in an action of divorce on the ground of adultery a decree was granted in favor of libellant after hearing of both parties and their witnesses it is too late, after the expiration of the term at which the decree was entered, to seek a vacation of the decree on the ground that libellant's only material witness had committed perjury. Such alleged fraud is intrinsic.

The reason for the rule is that there must be an end to litigation; and where a party has his day in court and knows what the issues are, he must be prepared to meet and expose the perjury then and there.

By the expression extrinsic or collateral fraud is meant some act or conduct by the prevailing party which has prevented a fair submission of the controversy. Where the alleged perjury related to a question raised in the record upon which there was a conflict to be determined in the trial the fraud is intrinsic.

Argued April 13, 1927. Appeal No. 162, April T., 1927, by respondent from judgment of C. P. Jefferson County, January T., 1926, No. 94, in the case of Earl McFadden v. Esther McFadden. Before PORTER, P. J.,

HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition to vacate a decree in divorce. Before DARR, P. J.

The facts are stated in the opinion of the Superior Court.

Petition dismissed. Respondent appealed.

*Error assigned* was the decree of the Court.

*W. B. Adams,* and with him *Charles Corbet,* for appellant.

*Charles J. Margiotti,* and with him *W. M. Gillespie* and *S. C. Pugliese,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1927:

This litigation began by the filing of a libel in divorce in the Court of Common Pleas of Jefferson County by Earl McFadden against his wife, Esther McFadden, the appellant herein, in which he sought a divorce from her upon the grounds of adultery. Personal service of the libel was made and respondent filed an answer denying all the charges therein contained. The case was referred to a master, before whom respondent appeared with her counsel and was fully heard by herself and her witnesses. It was ably contested at every step but the master reported in favor of a decree. Exceptions to his report were overruled and the proceedings resulted in a decree in favor of the husband, dated June 17, 1926, and supported by a comprehensive opinion of the court below, in which the testimony was reviewed and the independent judgment of the court upon the law and the facts expressed. On July 6, 1926, a certiorari from this court was filed in the court below at the instance of respondent but before the record had been certified she filed in that court, under date of July

22, 1926, a petition for a rehearing upon the ground that the principal witness against her had recanted subsequent to the taking of the appeal to this court and had stated in the presence of witnesses that she had been induced to swear falsely at the hearing before the master. The term of the court below at which the decree was entered expired August 30, 1926. More than two months later counsel for respondent, being of opinion that neither the appeal to this court nor a rehearing in the court below would afford the relief they sought, discontinued the appeal on November 3, 1926. On November 5, 1926, they asked and were granted leave to withdraw the petition for a rehearing and on the same day respondent presented a petition to vacate the decree in divorce upon the ground that it had been obtained by "fraud, deception, misrepresentation and perjury." Upon this petition a rule to show cause was granted. Libellant on December 4, 1926, filed a demurrer setting forth as grounds therefor that the petition to vacate was not presented until after the expiration of the term at which the decree was entered and that as the appeal to this court was discontinued the entire matter is now res judicata. In an opinion filed January 11, 1927, the court below sustained the demurrer, discharged the rule to show cause and dismissed the petition to vacate. From this decree we have the present appeal and the only error assigned is the entering thereof.

The master's recommendation for a decree in favor of the husband was based largely upon the testimony of a domestic in the McFadden home by the name of Marguerite Rizzo. In addition to testifying to some other incriminating circumstances, this witness stated positively that on the evening of July 7, 1925, she left the McFadden apartment, taking with her the younger of the two children, and told respondent that she was going to visit her mother; that about five o'clock in

the afternoon she returned to the apartment; that the respondent was not in sight and that while still carrying the child the witness opened a bedroom door and there saw the respondent and Welsh on the bed in a compromising position. In the course of his discussion the master said: ''The fact of adultery may be inferred from circumstances: Com. v. Mosier, 135 Pa. 221, but here, if the testimony of the Rizzo girl is to be believed, the fact is proven. Without such testimony, the case is devoid of any facts from which even an inference of adultery could be drawn.'' The materiality of the testimony of Marguerite Rizzo may therefore be conceded. Both the petition for a rehearing and the petition to vacate the decree averred in substance as ground for the relief sought that on July 14, 1926, a few days after the first appeal to this court, the witness, Marguerite Rizzo, came to the home of respondent's mother, where respondent was then living, and, in the presence of respondent's mother, stated that for some time prior to the separation of the parties the libellant had been having illicit relations with her; that she had given birth prematurely to a child, of which libellant was the father; that he had ''induced her to swear falsely against the respondent; and that he had sent her to the office of Charles J. Margiotti, attorney for libellant, for the purpose of deceiving Mr. Margiotti and inducing him to make application for a divorce for libellant.'' It was further averred in these petitions that the witness had explained in detail to respondent and her mother just how libellant had ''framed up'' the story that she had sworn to and that she had admitted ''that she knew of no criminal intimacy between respondent and Homer Welsh, co-respondent.'' It is also averred in the petition to vacate the decree that after the first appeal had been taken to this court the libellant admitted to respondent that ''the charge of adultery with Homer Welsh as charged in the libel was

not true.'' Both petitions were sworn to by the respondent and the petition for a rehearing contains the affidavit of her mother, in which she states ''that she has read the foregoing petition and that the facts set forth therein are true.'' In this connection it should be noted that the petition to vacate is not accompanied by any written confession from Marguerite Rizzo that she had sworn falsely, as was the similar petition in Powell v. Doyle, 77 Pa. Superior Ct. 520, hereinafter referred to, nor is there any averment, as in that case, of a prosecution or conviction for perjury.

Assuming however, as we must for the purposes of this appeal, the truth of the averments of the petition to vacate, we are confronted with the question whether they charge the kind of fraud which would warrant the opening of this decree after the expiration of the term at which it was entered. That it was obtained as a result of adversary proceedings—of which respondent had full notice and detailed information of the charge against her, and in which she participated at every step by herself and her counsel and was afforded every opportunity to defend herself—must be conceded. The authorities are clear that such a decree will not be disturbed after the expiration of the term except for extrinsic or collateral fraud promptly complained of after its discovery. This case is ruled by McEvoy v. Quaker City Cab Co., 267 Pa. 527, and Powell v. Doyle, 77 Pa. Superior Ct. 520. The respective opinions in these cases, written by Mr. Justice STEWART for the Supreme Court and by Judge LINN for this court, review all the applicable cases and announce the rule we have just stated. In the Powell case we adopted the following definition or description of ''extrinsic or collateral fraud'' (stated in U. S. v. Throckmorton, 98 U. S. 61, and in Bleakley v. Barclay, 75 Kansas 462, and approved by our Supreme Court in the McEvoy case), together with the distinction between extrinsic and in-

trinsic fraud: "By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise of compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there: Pico v. Cohn, 91 Cal. 129. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed upon, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial."

The reason this rule was not applied in the divorce case of Fleming v. Fleming, 83 Pa. Superior Ct. 554, was that the party there seeking to set aside the decree had no knowledge of the suit and was not represented at the hearing. The present case does not contain a single ingredient of extrinsic fraud; the averments of the petition amount only to a charge of intrinsic fraud. As stated in Powell v. Doyle, supra, during the term "the record was within the control of the court to furnish to appellant any relief to which in that time she might show herself entitled." (See also Fisher v. Fisher, 74 Pa. Superior Ct. 538.) Here a petition for a

rehearing was presented during the term but respondent's counsel, for reasons not disclosed but which we must presume were sufficiently persuasive and satisfactory to them, moved for and obtained leave to abandon this application—the only proceeding instituted in the court below during the term. The decree sustaining the demurrer, discharging the rule to show cause and dismissing the petition to vacate was entered in accordance with the firmly established principles of law to which we have referred.

The assignment of error is dismissed and the decree affirmed at the costs of appellant.