Hinton v. Hinton, Appellant.

268

Argued April 19, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Martin Croissant,* for appellant.—A decree in divorce will be vacated where there is extrinsic or collateral fraud, and the respondent will be allowed to come in and defend: McFadden v. McFadden, 91 Pa. Superior Ct. 301; McEvoy v. Quaker City Cab Company, 267 Pa. 527; Powell. v. Doyle, 77 Pa. Superior Ct. 520.

*F. A. Ammon,* for appellee.

OPINION BY LINN, J., July 2, 1929:

This appeal is from an order discharging a rule to show cause why a decree of divorce should not be vacated and respondent allowed to defend.

March 8, 1927, the husband filed his libel charging

cruelty and indignities within the terms of the divorce statute. Personal service was made on the wife, who did not appear. November 4, 1927, a decree of divorce was granted on testimony taken by a judge in open court. February 25, 1928, the wife filed her petition averring that the divorce was obtained by fraud; that the charges in the libel were untrue and that she wished to prove it. The fraud alleged was that after she had been served with process her husband told her he "would not proceed with this case and ...... [that she should not] pay any attention to it;" that "after notice of the trial was served upon her" he again repeated the assertion, in consequence of which, she avers, she took no steps to defend.

If these assertions were true, the conduct of the husband would constitute such extrinsic fraud as to justify granting her petition: McFadden v. McFadden, 91 Pa. Superior Ct. 301; Willets v. Willets, 96 Pa. Superior Ct. 198; Field v. Field, 66 Pa. Superior Ct. 355.

To her petition, her husband filed an answer denying all her averments. On the issue so made, testimony was taken by a judge in open court, who says in his opinion dismissing the petition; "The respondent was regularly and personally served with process and there was nothing to prevent her appearing and defending the action if she felt justified in doing so. She had counsel at the time in another matter [in April, 1927, she was represented by counsel in charging her husband with aggravated assault and battery]. At all events she had ample means of being advised of her legal rights. She chose to make no defense and from the testimony taken on the rule granted on her petition we are satisfied she was not kept away from court by the libellant and that no good purpose would be served by re-opening the case."

270

We likewise disbelieve her evidence, which requires us to conclude that judicial discretion was wisely exercised by the court below.

Order affirmed.