Estok, Appellant, v. Estok.

Argued April 30, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*H. Y. Crossland,* and with him *W. H. Coleman,* for appellant.

*Francis Taptich,* and with him *Stephen Steranchak,* for appellee.

OPINION BY KELLER, J., July 8, 1931:

Appellant on November 29, 1922, filed a libel for an absolute divorce from his wife on the ground of wilful and malicious desertion, which he alleged took place on July 2, 1910. Personal service was not made on the wife, as she was not living in this country—the libellant made affidavit that her last known place of residence was Velke Zaluzice, P. P. Velke Michalovce, Czecho Slovakia. She did not appear or make defense, and the trial or hearing was conducted ex parte. A decree of divorce was entered on December 21, 1923.

On August 30, 1929, the wife presented her petition asking the court to vacate the decree of divorce so granted, on the grounds that she had no notice or knowledge of the divorce proceedings, was not living at the time at Velke Zaluzice but at Ceredmes, Czecho Slovakia, and that her husband well knew it; that she had not deserted him, nor refused to return to America, but had constantly written, solicited and prayed him to bring her back to America, so that they could live together as man and wife, but he had

refused to do so; and that said decree of divorce had been secured by fraud, perjury, etc.

After answer and hearing on the rule, at which witnesses were examined, the court made the rule absolute and vacated the decree of divorce, finding that the libellant had practiced a fraud upon his wife and the court; that he knew or could easily have ascertained her place of residence, but deliberately kept her in ignorance of his application for divorce and the granting of said decree; and that the decree was obtained on false and perjured testimony; that his wife did not desert him at any time; that she went to Europe with his knowledge and consent, had never refused to return, but could not come back because of her poverty and his neglect and refusal to pay her expenses to this country; that she returned to this country at the earliest possible date after hearing of her husband's divorce and remarriage, with money furnished her by their son.

We shall not give the particulars of the evidence in the court below. We think it supports the findings of that court. It established beyond question that the wife, with her husband's full consent and approval, had gone back to Europe in 1905; that he had likewise returned to Europe in 1909 and lived with her as husband and wife until March, 1910, when he came back to America without her. It effectually disproved any desertion of him by her or refusal on her part to join him and live with him as his wife.

The rule invoked by appellant that a judgment or decree will not be set aside for intrinsic fraud, or false swearing on the trial or hearing, does not apply to ex parte proceedings, where the other party was not served, had no knowledge of the suit and was not represented on the trial, and there has, therefore, never been a real contest in the trial or hearing of the case: United States v. Throckmorton, 98 U. S. 61;

McEvoy v. Quaker City Cab Co., 267 Pa. 527, 533, 534; Fleming v. Fleming, 83 Pa. Superior Ct. 554, 556. The rule contemplates a trial in which both parties are before the court and subject to its jurisdiction, and where they have had the opportunity to present their claims and evidence for the consideration of the court and examine and disprove the evidence of their adversary: United States v. Throckmorton, supra, p. 65. The reason for the rule is wanting in cases where the other party was never served with process, had no knowledge of the proceeding, and was not present or represented at the trial or hearing; and hence it has not been applied in such circumstances: Given v. Given, 25 Pa. Superior Ct. 467; Boyd's App., 38 Pa. 241; Fidelity Ins. Co.'s App., 93 Pa. 242.

Appellant insists that the wife must be presumed to have had knowledge of the divorce proceedings, because the master, pursuant to a local rule of court, mailed her a letter, addressed to her place of residence as given by the libellant, giving notice of the time and place of hearing; relying on the presumption that a letter properly stamped and mailed reached the person addressed (Dunlop v. United States, 165 U. S. 486, 495). But that presumption only applies where the letter is mailed to the addressee's correct address. It is never applied where the letter was sent to a place where the addressee did not live. In the present case the notice was sent by registered mail, with a request for a return receipt; and no return receipt was affixed to the record, which is persuasive that the letter never was delivered.

The discrepancies as to dates in the appellee's testimony pointed out by appellant's counsel are not very material. She was an ignorant woman who could not read or write and was not skilled in arithmetic. It does not matter whether she lived with her husband's people in Velke Zaluzice for thirteen years or sixteen

years, and whether she went to live with her own mother in Ceredmes in 1918 or 1921. She was wrong either in the number of years she lived with his parents or in the year she left them; but that does not affect the correctness of the lower court's finding. The important fact is that she had not lived at Velke Zaluzice for two years before the hearing in the divorce proceeding and had no knowledge of it or opportunity to defend it.

The receipts for alleged remittances offered by the appellant are of little importance. They amounted to nothing more than statements of a private banker that money had been given him for transmission to the appellee, by her maiden name, at an address different from either Velke Zaluzice or Ceredmes. The banker was not called to prove that the money had actually been transmitted to and received by her.

On the record before us we find nothing to convict the court below of error in vacating the original decree or that leads us to a different conclusion from it.

The decree is affirmed at the costs of the appellant.