Magistro, Appellant, v. Magistro.

Argued November 15, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William F. Donatelli,* with him *Anthony Cavalcante,* for appellant.

*Armin H. Friedman,* for appellee.

OPINION BY WOODSIDE, J., December 28, 1956:

This is an appeal from a decree of the Court of Common Pleas of Allegheny County dismissing a rule to show cause why a decree in divorce granted by said court on February 5, 1947, should not be opened and set aside.

Edward Magistro, libellant, filed a suit for divorce in the Court of Common Pleas of Allegheny County on August 27, 1946. The respondent was duly served, and caused an appearance to be entered in her behalf. Although she filed an answer, she did not question the

jurisdiction of the court, nor did she deny the allegation in the libel that her husband resided at 273 Huey Street, McKeesport, Pennsylvania. After a property settlement had been effected between the parties, the wife requested that her contest of the divorce be discontinued, and that the appearance of her attorney be withdrawn.

At a hearing held on January 31, 1947 it was established by the testimony that the libellant resided in McKeesport, and worked at Kauffman's Department Store in Pittsburgh. On February 5, 1947 a decree in divorce was entered from which no appeal was taken.

The libellant died on May 2, 1954, a resident of New York City. On February 18, 1955, the respondent in the divorce action caused to be issued a rule to show cause why the decree in divorce should not be opened and set aside, alleging that the libellant, at the time he filed his original libel in divorce, was not a bona fide resident within the Commonwealth of Pennsylvania for one whole year prior to the filing of said libel. See Act of May 2, 1929, P. L. 1237, §16, 23 PS §16.

The executor of the estate of the libellant filed an answer, and the case was argued upon the petition and answer, after which Judge WEISS, who had heard the original divorce case, entered an order dismissing the rule to show cause why the decree in divorce should not be opened and set aside.

There is, of course, a presumption that the decree is valid.

A proceeding to open a decree of divorce is equitable in nature and must be supported by such grounds as would justify a chancellor in entering a decree. It can be based only upon equitable considerations. *Nixon v. Nixon,* 329 Pa. 256, 265, 198 A. 154 (1938) ; *Knode v. Knode,* 159 Pa. Superior Ct. 210, 48 A. 2d 151 (1946).

The appellate courts will reverse only when there has been a clear abuse of discretion. *Zettlemoyer v. Zettlemoyer*, 79 Pa. Superior Ct. 405, 408 (1922).

The wife entered her appearance in the divorce case, filed an answer to the libel and did not question the residence of the libellant nor the jurisdiction of the court. Now, eight years later, after her husband is dead and unable to testify, and witnesses who may have been known to him but are not known to his executor cannot be obtained, she questions the truthfulness of his sworn testimony concerning his residence. Under these circumstances we think that the court cannot be charged with abuse of discretion for refusing to open the judgment.

The following statement by Judge JAMES in *Quinn v. Quinn*, 125 Pa. Superior Ct. 359, 367, 189 A. 705 (1937) is applicable here: "Having had notice of the proceeding and employed counsel, she was fully aware of its nature, and when she was served with the final rule it was her duty to protect her rights by instituting an appropriate proceeding. Her failure to act for nearly sixteen years and then only after the death of her husband, when his estate was to be distributed, indicates too clearly to us that she has been aroused to activity not for the purpose of vindicating herself, but for selfish motives. To set aside this decree, under such facts, would seriously undermine the validity of divorces." See also *Field v. Field*, 67 Pa. Superior Ct. 355 (1917).

Although we held in *Loiacono v. Loiacono*, 179 Pa. Superior Ct. 387, 116 A. 2d 881 (1955) that the doctrine of laches was not applicable to a delay in questioning the jurisdiction of a Nevada court to enter a decree in divorce, and we there cited a number of cases where the courts refused to apply the doctrine of laches

to petitions to open divorce decrees granted in this state; nevertheless, when the defendant in a divorce case delays bringing an action to set aside the decree until after the death of the plaintiff years later, it is a matter which may be given serious consideration by the court in determining whether, in the proper exercise of its equitable powers, it should open the decree.

The petition in this case was filed February 18, 1955. An answer was filed on April 4, 1955, and the case placed upon the argument list on November 3, 1955, called for argument before the court en banc on December 12, 1955, and argued before Judge WEISS on December 20, 1955. On December 16, 1955 a petition was presented by the appellant to grant an order permitting the taking of testimony by depositions in King County, New York, which the court refused. Under the circumstances of this case, and particularly in view of the time when the request was made, we see no abuse of discretion in the court's refusal to enter the order to take testimony in New York.

Order affirmed.