## Wisecup, Appellant, *v.* Wisecup.

386

Argued June 12, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Miles Warner,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., September 16, 1959:

On March 8, 1954, in an action for divorce a.v.m. on the ground of indignities to the person instituted by Denver Charles Wisecup against Fernaleen Hall Webb Wisecup, Court of Common Pleas No. 7 of Philadelphia County granted the husband a final decree. The wife entered an appearance but did not contest the action, and there was no appeal. On December 30, 1958, the husband petitioned for a rule to show cause why the record should not be opened, the decree in divorce a.v.m. vacated, and a decree in annulment entered. On March 11, 1959, this petition was denied by the court below, and the husband has appealed.

The complaint in divorce, filed January 15, 1953, averred that plaintiff and defendant were lawfully joined in marriage on November 14, 1942. The master made, inter alia, the following findings of fact: "1. The plaintiff and defendant were legally married on November 14, 1942, in Washington, D. C., by Reverend Howard Stone Anderson. The original marriage certificate was produced at the meeting, offered in evidence, and was copied verbatim into the record. Neither the plaintiff nor the defendant was previously married". The petition for the rule, with which we are presently concerned, alleges that petitioner's averment in the divorce action that there had been a lawful marriage was made in good faith, but that an investigation subsequently disclosed that the wife had entered into a prior marriage, which had never been legally dissolved. This investigation was not commenced until February 13, 1957, immediately prior to the trial of an action instituted by the wife in the United States District Court for amounts allegedly due under written contracts executed between the parties prior to and in anticipation of their separation and divorce.[1] It is apparent from the exhibits attached to the petition, and not denied, that, on May 10, 1941, in Hattiesburg, Mississippi, petitioner's wife had gone through a ceremony of marriage with one William S. Jenkins, Jr. In an affidavit attached to the petition, it is admitted by petitioner that he heard a rumor concerning this prior marriage as early as 1943.[2]

---

[1] See *Carr v. Wisecup*, 263 F. 2d 157.

[2] "Early in our marriage, possibly in 1943, I heard a rumor that Fernaleen had been previously married to a boy named Bill or Billy while he was in the Army stationed at Camp Shelby, Mississippi. I no longer recall from whom or under what circumstances I heard this rumor. After thinking about it I dismissed it from my mind. I do not recall discussing the matter with anyone".

The question on this appeal, as stated by appellant's present counsel, is as follows: "Where a husband in good faith obtains from a Pennsylvania court a decree of divorce a.v.m. from his wife, and subsequently ascertains that he was never married to her because of her prior subsisting marriage to another man which she has concealed, may the court without taking testimony dismiss the husband's verified and documented petition seeking to have the record opened, the cause remanded to the master for further hearing, and a decree in annulment substituted for a decree in divorce?"

The petition presented to the lower court, as previously indicated, prayed for a rule "to show cause why the record in these proceedings should not be opened, the decree in divorce a.v.m. entered March 8, 1954, vacated, and a decree in annulment entered". Despite this two-pronged attack, appellant complains in his supplemental brief that "the lower court has misconceived the nature of plaintiff's petition filed December 30, 1958. The petition seeks not to open the judgment of March 8, 1954, but to vacate it, and to substitute a decree in annulment therefor, on the ground that it was and is void ab initio". The distinction between petitions to open and petitions to vacate was set forth by Mr. Chief Justice KEPHART in *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154, as follows:

"While there have been some definite rules promulgated as to proper practice for attacking decrees and judgments generally, no adequate practice seems to be laid down for decrees in divorce . . . The prayers of many petitions attacking these decrees have ignored the question whether or not the basis of attack has been a matter of record or dehors the record . . .

"But it is of paramount importance that petitions to vacate and set aside should be distinguished from petitions to open. The former are based on fatal de-

fects apparent on the face of the record, while petitions to open concern other matters associated with the decree or judgment, or those upon which the decree or judgment is based, in other words, the merits of the controversy ending in the final judgment. Where, therefore, the judgment is being attacked for a matter of record, the proper motion is to strike off or vacate, which operates as a demurrer to the record . . . Where, however, new evidence relating to the cause of action must be introduced in order to sustain the attack, the judgment or order should not be vacated or set aside, but should be opened for the purpose of admitting the new evidence . . .

"The effect of the different motions or petitions may vary . . . Thus, while there is no time limit within which to act in striking off or vacating a judgment, it must be in a reasonable time after knowledge, while applications to open, where the cause has been litigated, must be made within term time, except in extraordinary equitable circumstances requiring a contrary result . . .

"The importance of the distinction here lies in the equitable character of a petition to open. That such a petition is equitable in nature and must be supported by such grounds as would justify a chancellor in entering a decree, has been frequently reiterated by this Court . . . It is an appeal to the conscience of the court and can be granted only on equitable considerations".

If, as appellant contends, the present petition is to be treated as one to vacate or strike off the divorce decree, we might well end this opinion here by pointing out that appellant has not shown any fatal defect apparent on the face of the record. Cf. *Mintz v. Mintz*, 83 Pa. Superior Ct. 85. Moreover, the instant petition was not presented within a reasonable time, as required by the *Nixon* case, after appellant first heard of the alleged bigamy.

As a matter of fact, however, notwithstanding his assertion that he seeks to vacate the decree, appellant actually asks that the record be opened so that he may be permitted to belatedly establish that, because of the wife's disability, there was no valid marriage. His position is that "a valid marriage between the parties is a jurisdictional pre-requisite to a decree in divorce". The court below was "not satisfied that the issue of a valid marriage rises to a matter of the Court's jurisdiction over the subject matter in a divorce proceeding". Objections to jurisdiction are of two classes between which there is a clear and well-settled distinction, first those relating to the authority of the court over the subject matter, and secondly those relating to the authority over parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence or estoppel: *Commonwealth v. Barnett*, 199 Pa. 161, 48 A. 976; *Schlieffer v. Zoning Board of Adjustment*, 374 Pa. 277, 97 A. 2d 782. It is of course true that, without the existence of a valid marriage, there would be no occasion for the granting of a divorce and the proper remedy would be an annulment. This does not mean, however, that the court would not have jurisdiction of the subject matter. The parties had gone through a ceremony of marriage. They were properly before the court and the court had jurisdiction to adjudicate the status between them, and thereafter to enter a decree either of divorce or annulment. See Section 15 of The Divorce Law.[3] Appellant "asserts after-discovered evidence, not known to or reasonably ascertainable by him at the time of hearing, which, when proved, will destroy the court's jurisdiction to act in the premises". It is our view to the contrary that illegality of the marriage would not destroy the jurisdiction of the court. Cf. *Payzant v. Payzant*, 269 Mass. 70, 168 N.E. 168.

---

[3] Act of May 2, 1929, P. L. 1237, 23 P.S. 15.

Appellant's attack upon the order below must be rejected for an additional reason. Divorce decrees are presumably valid, *Magistro v. Magistro,* 182 Pa. Superior Ct. 487, 127 A. 2d 758, and will not be disturbed after the expiration of the term, except for extrinsic fraud promptly complained of after its discovery: *Willetts v. Willetts,* 96 Pa. Superior Ct. 198; *Estok v. Estok,* 102 Pa. Superior Ct. 604, 157 A. 356. The term extrinsic fraud means conduct by the prevailing party which has prevented a fair submission of the controversy: *McFadden v. McFadden,* 91 Pa. Superior Ct. 301; *Carey v. Carey,* 121 Pa. Superior Ct. 251, 183 A. 371; *Cortese v. Cortese,* 163 Pa. Superior Ct. 553, 63 A. 2d 420. There was no such conduct in the instant case. Appellant asserts that his testimony in the divorce proceeding was given in good faith and, according to his position, he was not guilty of any fraud upon the court. We cannot attribute fraud upon the court to the wife simply because she failed to contest the action. The power to set aside a divorce decree for fraud is equitable in nature and the ground of its exercise is exceptional: *Catts v. Catts,* 35 Pa. Superior Ct. 293. And see *Knode v. Knode,* 159 Pa. Superior Ct. 210, 48 A. 2d 151. The lack of equities on appellant's part is clearly demonstrated in the following excerpt from the lower court's opinion:

"The petition is barren of any equitable showing to justify opening this decree. Equitably, we are moved to the contrary. If the petitioner were successful in this action, two children born of the marriage would be bastardized . . . The petition itself is obviously motivated by a selfish desire to provide a basis for resisting a lawsuit (for money) brought by defendant in another court . . . Petitioner's long delay in asserting this claim, though he possessed the information concerning defendant's prior marriage as early as 1943, and his failure to divulge it to his counsel in the divorce proceedings constitute other equities against him".

Basically, appellant seeks to alter a finding of fact already determined in the divorce proceeding. We conclude, as did the court below, that he "has shown neither the equitable nor the legal grounds which would entitle him to relitigate a matter closed years before by final decree".

Order affirmed.