458 A.2d 254

**Cecelia AUMAN, Appellant,**

**v.**

**Edward JUCHNIEWITZ.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.

Filed March 31, 1983.

Avram G. Adler, Philadelphia, for appellant.

Edward Juchniewitz, appellee, in pro. per.

Before SPAETH, BECK and LIPEZ, JJ.

PER CURIAM:

The skimpy record before us in this appeal shows the following. On December 29, 1976 appellant filed a complaint in equity, which was served on defendant by registered letter to the Secretary of the Commonwealth and to defendant's last known address. Defendant never entered an appearance. The complaint requested that the decree divorcing appellant from defendant in 1969 be reformed into a decree of annulment. The next thing which appears in the record is the lower court's order, which states:

AND NOW, to wit, this 5th day of October, 1979, upon consideration of the Petition for reformation of Decree in Divorce to Decree of Annulment, it is hereby ORDERED that the said Petition is denied. The Court finds that

Plaintiff has not shown any fatal defect apparent on the face of the record, that the Petition had not been presented within a reasonable time after Petitioner had learned grounds of the alleged defect and that this Court had earlier adjudicated the existence of a valid marriage which was concurred to by Petitioner. The Opinion of the Superior Court in *WISECUP v. WISECUP,* Pa.Super. 384 (1959) [sic] requires that the Decree not be reformed.

The remainder of the record consists of the notice of appeal[1] from this order, and a copy of the docket entries indicating the filing of the foregoing documents.

■ Although the petition which the lower court's order denied is not part of the record, a copy has been included in the reproduced record, along with a confusing compendium of copies of correspondence and other documents from the period 1975 through 1981. This material is not part of the record on appeal as defined in Rule of Appellate Procedure 1921, and it should not have been included in the reproduced record. *General Accident Fire & Life Assurance, Ltd. v. Flamini,* 299 Pa.Super.Ct 312, 317 n. 3, 445 A.2d 770, 773 n. 3 (1982); *see* Pa.R.A.P. 2152(a).

■ Appellant's brief argues that the case cited in the lower court's order, *Wisecup v. Wisecup,* 190 Pa.Super.Ct. 384, 154 A.2d 332 (1959), is distinguishable, and is inapplicable to the circumstances of this case. The argument, however, is based on a combination of factual allegations in the brief and the material in the reproduced record which is not in the original record, none of which we may consider. *Commonwealth v. Rini,* 285 Pa.Super.Ct. 475, 483, 427

---

1. We note that while the sheriff used an address for defendant of "162 S.E. Croop Lane, Port Charlotte, N.C." in serving the complaint, the proof of service of the notice of appeal, Pa.R.A.P. 122, indicates that the notice was mailed to an address which is identical except that the state of Florida has been substituted for North Carolina. On remand, appellant's counsel should resolve this discrepancy before serving any other papers. Counsel should also note that all documents must then be filed in the proper office as determined by the Judicial Code, in order to make them part of the record. *See* 42 Pa.C.S. §§ 2702, 2736, 2756, 2776; *Linde v. Philadelphia Newspapers, Inc.,* — Pa.Super.Ct. —, — & n. 1, — A.2d —, — & n. 1 (1983) (filed March 18).

A.2d 1385, 1389–90 (1981). It does not appear from the record that appellant had any opportunity to place her evidence on record and argue the legal consequences[2] before the lower court filed its order. Therefore we shall vacate the order, and remand so that appellant may have an opportunity to develop a record, on which disposition may properly be based.

Order vacated, and case remanded with instructions. Jurisdiction is not retained.

---

**2.** *See* Pa.R.C.P. 211. We intimate no view as to what combination of facts, if any, would entitle appellant to relief, because it would be premature to do so with the record in its current state.