## Lory v. Lory

*James R. Barozzini*, for plaintiff.
*Joanne Ross Wilder*, for defendant.

STRASSBURGER, *J.*, July 22, 1983—Roger W. Lory (husband) and Suzanne L. Lory (wife) were

formerly husband and wife. The parties were married on March 7, 1970 and divorced by decree of this court dated November 23, 1982. The decree incorporated a settlement agreement dated July 23, 1982. The decree incorporating the settlement agreement, inter alia, provided for distribution of the assets and liabilities of the parties; granted the parties shared custody of their twin daughters, born December 3, 1979, with primary physical custody to wife; provided that husband would make a reasonable contribution toward the support of the children in accordance with his income; and waived alimony from either party.

Having notified wife's counsel of the presentation, husband's counsel presented to me as motions judge on June 7, 1983, a document entitled "Petition for Rule to Show Cause Why Order of Court and Divorce Decree Should Not be Vacated and Settlement Agreement Rescinded".

The petition alleges that subsequent to the entry of the divorce decree, wife disclosed to husband that he was not the natural father of the twin girls. It further alleges that HLA tests have been taken which establish that husband did not father the children.

Husband asserts that in agreeing to the settlement agreement, he gave up valuable rights based upon the assumption that he was the father of the twins. He therefore seeks to vacate the divorce decree, including the agreement incorporated therein, and has presented this petition for a rule to show cause why such relief should not be granted.

By separate order I am denying husband's petition for a rule. The case is controlled by section 602 of the Divorce Code of 1980, which provides:

"§602 Opening or vacating divorce decrees

A motion to open a decree of divorce or annulment may be made only within 30 days after entry

of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter because of a fatal defect apparent upon the face of the record, must be made within five years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case."

There can be no doubt that the fraud alleged in this case constitutes intrinsic fraud. The code itself states that perjury and false testimony are encompassed within the term intrinsic fraud. The case law is to the same effect. In McEvoy v. Quaker City Cab Co., 267 Pa. 527, 535, 110 Atl. 366 (1920), the court held:

"We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will on account of fraud set aside and annul a decree or judgment between the same parties rendered by a court of competent jurisdiction, have relation to frauds extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered. That the mischief in retrying every case in which the judgment or decree rendered on false testimony given by perjured witnesses, or on contracts or documents whose genuineness and validity are in issue and which are afterwards ascertained to be forged or fraudulent, would be greater by reason of the nature of endless

strife than any compensation in doing justice in individual cases." See also, McFadden v. McFadden, 91 Pa. Super. 301, 152 Atl. 543 (1927).

Nor does it matter that no trial was actually held in this case. In McEvoy v. Quaker City Cab Co., supra, at 345, the court quoted, with approval as "perhaps the best discussion on the whole subject", Greene v. Greene. 2 Gray (Mass) 361 where the court stated that proof of intrinsic fraud would not be permitted "where the same matter has been actually tried, *or so in issue that it might have been tried.*" (Emphasis added.) Likewise, the cases are many which hold that a consent decree has the same effect as a trial on the merits. In International Org. Masters, Mates & Pilots of America, Local No. 2 v. International Org. Masters, Mates & Pilots of America, Inc., 456 Pa. 436, 318 A.2d 918 (1974), the court held, quoting Zampetti v. Cavanaugh, 406 Pa. 259, 176 A.2d 906 (1962):

" 'Although a consent decree is not a legal determination by the court of matters in controversy . . . it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits . . . The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as res judicata . . . Were this not so a consent decree would have little value.' 406 Pa. at 265, 176 A.2d at 909."

I am aware that the cases dealing with the effect of consent orders state that they are binding absent fraud or mutual mistake. Baran v. Baran, 166 Pa. Super. 532, 537, 72 A.2d 623 (1950). However fraud must be read in the context of the distinction drawn in the case law between intrinsic and extrinsic fraud. No reason appears to have one standard for litigated decrees and another for consent decrees

in light of the stated purpose of the consent decree to bind the parties with the same effect as if it had been litigated. Armstead v. Dandridge, 257 Pa. Super. 415, 390 A.2d 1305, 1310 (1978).

It need not be decided here whether §602 of the Divorce Code applies only to the decree of status itself or whether it applies to a decree disposing of related claims as well. The case law, e.g., McEvoy v. Quaker City Cab Co., supra, does not distinguish between divorce decrees and other kinds of decrees or orders. Although the case law had been that an attack on a decree based on intrinsic fraud must be brought within the term of court, Freedman, Law of Marriage and Divorce, §724, it is again unnecessary to decide whether the time period is three months which would be akin to a term of court, or thirty days as set forth in section 602, since husband is well beyond either period.

This court thus holds that husband's attack on the divorce decree and its provisions incorporating the settlement agreement because of wife's alleged deception as to paternity, being intrinsic fraud, cannot be considered at this late date. The determination in the statute and the case law that litigation must reach an end even if individual results may appear harsh is a determination which must be respected by this court. It should not pass unnoticed that such result carries with it benefits as well as detriments to husband. For wife can no more disavow the consent decree than he can and, physiology notwithstanding, for custody purposes, the twin daughters are the children of the husband as well as wife.

## ORDER OF COURT

And now, this July 22, 1983, it is hereby ordered that the petition for rule to show cause why order of

court and divorce decree should not be vacated and settlement agreement rescinded be and the same is hereby denied.