J-A01004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOWARD MCELNEA AND CAROLE MCELNEA, H/W AND REGINALD WORTHINGTON AND JULIE WORTHINGTON, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ESTATE OF JEFFREY VAN SLYKE, INDRA VAN SLYKE, ADRIAN KHILLAWAN, INDRA VAN SLYKE, TRUSTESS OF THE INDRA C. VAN SLYKE IRREVOCABLE TRUST DATED FEBRUARY 2, 2017 | |
| APPEAL OF: INDRA C. VAN SLYKE AND THE INDRA C. VAN SLYKE IRREVOCABLE TRUST DATED FEBRUARY 2, 2017 | No. 1808 EDA 2018 |

Appeal from the Order Entered June 11, 2018
In the Court of Common Pleas of Pike County
Civil Division at No: 125-2018 CIVIL

BEFORE:  OTT, STABILE, AND MCLAUGHLIN, JJ.

CONCURRING STATEMENT BY STABILE, J.:    **FILED SEPTEMBER 05, 2019**

I concur fully with the learned Majority's conclusion that the trial court's finding—that the defendant trust was created to operate as a shield to protect the real estate parcels from potential liability as a result of the civil action filed by Appellees—is not supported by the record.  As such, this finding cannot support relief under the Pennsylvania Uniform Fraudulent Transfer Act

("Act").[1]  I write separately, however, to express my view that other findings by the trial court may support relief.  Specifically, I believe that "actual intent" to hinder, delay or defraud Appellees may be found based upon the fact the real estate was placed under an agreement of sale shortly after Appellees filed their civil suit for damages against Appellants.

Section 5104(a) of the Act provides that a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or obligation incurred, if the debtor made the transfer or incurred the obligation, *inter alia*, with actual intent to hinder, delay or defraud any creditor of the debtor.  12 Pa.C.S.A. § 5104(a).  Section 5104(b)(4) provides that in determining actual intent, consideration may be given to whether "before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit." 12 Pa.C.S.A. § 5104(b)(4).  Here, the trial court found that the real estate at issue, the Glen Combe Condominiums, was under an agreement of sale and that Appellants did not dispute the property was listed contemporaneously with the filing of Appellees' civil lawsuit.[2]  Trial Court Opinion, 08/14/18, at 7.

_____

[1] 12 Pa.C.S.A. § 5101, *et. seq.*, and as the Majority notes, as of February 20, 2018, now known as the Pennsylvania Uniform Voidable Transactions Act. 12 Pa.C.S.A. § 5101(a).

[2] The trial court docket reflects Appellants' civil action was commenced on January 19, 2018 with the filing of a praecipe for a writ of summons. A complaint was filed on March 6, 2018.  The agreement of sale for the real estate is dated March 20, 2018.

In addition, the trial court made findings that the defendant Khillawan[3] was facing criminal charges for two separate incidents involving Appellants arising out of the very events that form the basis of Appellants' civil action; that there was dubious insurance coverage for the suit; and that pending criminal charges against Khillawan served as motivation to shield certain assets from Appellants' reach. *Id.* at 5, 7. In my opinion, these findings may be sufficient to infer a fraudulent intent on the part of Appellants to warrant the relief ordered by the trial court.

Accordingly, while I agree that the Majority is correct to conclude the trial court was wrong in finding the trust was created to shield the real estate, because the property was transferred into the trust long before Appellants' civil action was commenced or threatened, I do not believe this disposes entirely of whether a fraudulent transfer may have occurred. Under Section 5104, a fraudulent transfer may have occurred when the real estate contained in the trust became subject to a sales agreement,[4] as that occurred when a suit was threatened or pending. The Majority considers only a possible transfer as of the time the real estate was placed in trust. Relevantly, I think the more focused inquiry is whether Appellants were attempting to transfer

---

[3] Appellees have sued Appellants, in part, for their alleged acquiescence in the actions of Adrian Killawan for repeatedly harassing Appellees and for harm arising out of an incident that led to the shooting of Appellee Howard McElnea by the deceased Jeffrey Van Slyke and then by Adrian Killawan attempting to shoot and kill the Appellee Howard McElnea.

[4] Section 5106 of the Act, 12 Pa.C.S. § 5106, defines when a transfer is made or obligation incurred.

the real estate out of the trust because they were sued or threatened with suit. Therefore, while I agree it was temporally impossible for the trust to have been created to shield the real estate against Appellants' civil suit, I believe this does not answer the question fully as to whether the trial court could find that a fraudulent transfer occurred. Because I would find that relief may have been proper under the Act, *see infra*, I proceed to address the procedural issue raised by Appellants.

In their brief, Appellants contend that no evidence was presented at the hearing held on Appellees' motion and, therefore, Appellants did not offer evidence to rebut or refute the position of Appellees. Appellants' Brief at 6. Appellants further contend that at the time of hearing, the pleadings had not been closed and the complaint was subject to pending preliminary objections.[5] It is their position the trial court therefore made numerous findings not supported by any evidence. *Id.*

Appellees proceeded by way of filing a motion for relief under the Act. Pennsylvania Rules of Civil Procedure 208.1 through 211 comprehensively address motion practice. Pa.R.C.P. No. 208.3(a) provides that a court shall initially consider a motion without written responses or briefs. However, a court may not enter an order granting relief to a moving party unless the motion is uncontested or the other parties are given an opportunity for

---

[5] This is contradicted by Appellants' motion for expedited hearing, discussed *infra,* which represents a hearing on preliminary objections was not necessary because an amended complaint was filed.

- 4 -

argument. *Id.* Pa.R.C.P. No. 208.3(b) provides that a court, by local rule, may impose requirements with respect to motions regarding the filing of a response, a brief, or both. The published rules for the trial court here, the Pike County Court of Common Pleas, do not provide for the filing of a response or brief, but merely provide, in relevant part, that all motions shall state whether a hearing or argument is requested, and the estimated length of time for the hearing or argument. Pike County Local Rule 208.3(a),(b). Pa.R.C.P. 208.4 further addresses initial consideration of a motion. Pa.R.C.P. 208.4(a) provides the court a number of options to dispose of a motion, including authority to dispose of a motion when presented, or to set forth procedures the court will use to decide the matter, including procedures for developing a record. Pa.R.C.P. 208.4(a)(2)(vi). If a moving party seeks relief based upon disputed facts for which a record must be developed, the court on its own motion, or at the request of a party, may proceed with the issuance of a rule to show cause. Pa.R.C.P. 208.4(b)(1). A court, however, is not limited to the issuance of a show cause order, but also has the discretion to employ other more efficient methods for developing a record, *i.e.*, affidavits. *See* Note to Pa.R.C.P. No. 208.4.

Instantly, the trial court docket reflects that after Appellees filed their April 5, 2018 motion for relief under the Act, the trial court entered an April 13, 2018 order scheduling a hearing for May 23, 2018. An order then was entered April 19, 2018, continuing the matter until further order of court. On April 27, 2018, Appellants filed a motion for expedited hearing. The motion

represented that argument on preliminary objections was scheduled for May 23, 2018, but was no longer necessary due to the filing of an amended complaint. The motion further represented that a sale was scheduled to close on April 30, 2018 on property owned by them, but that the pendency of Appellees' motion created a cloud on title rendering the title uninsurable. Appellants further asserted that any allegation the sale of the property was fraudulent was baseless.[6] Significantly, the Appellants' prayer for relief requested only that a hearing on Appellees' motion be expedited and that the motion be dismissed. Appellants did not file a separate answer or response to Appellees' motion, or request that a rule to show cause issue to consider disputed facts. By order dated May 18, 2018, the trial court granted the motion for expedited hearing and scheduled a hearing for May 23, 2018. The trial court held the hearing as scheduled at which time it appears only argument was heard. By order dated June 11, 2018, the trial court granted Appellees' motion for relief under the Act.

The question thus presented is whether the trial court was within its discretion to decide Appellees' motion for relief under the Act upon the motion and hearing, or whether Appellants were entitled to further process. At the

_____

[6] Appellants contended in their motion for expedited hearing that the allegation the sale was fraudulent was baseless. Motion for Expedited Hearing, 4/27/18, at ¶ 9. They averred the sale was made in the open market, for a fair price in an arms-length transaction, that the assets were not being dissipated improperly, that they were retaining the cash from the sale with the intention to invest the proceeds to provide income, and that the sale was based upon the impracticality of the trust to hold real estate as a rental property managed by Jeffrey Van Slyke, now deceased. *Id.*

outset, I note that no party requested anything other than argument on Appellees' motion. Argument was entertained by the trial court. Thus, Appellants cannot be heard to complain that they were denied any process requested by them as required under the rules. Focus, therefore, must be upon the trial court's obligation to dispose of the motion properly. Initially, there was nothing improper about the trial court considering the motion without written responses or briefs as permitted under Rule 208.3. However, it was incumbent upon the trial court at initial consideration to determine whether it could properly decide the motion upon the papers and argument before it, or whether it had to order additional procedures to develop a proper record to resolve disputed issues of fact. Pa.R.C.P. No. 408.4. In support of its factual findings, the trial court indicated that the facts relied upon were not placed on the official record at hearing, but were ones which the court was entitled to consider because they were of public record and/or were never disputed by Appellants. The trial court, however, does not identify the documents or matters of public record that support its findings. It further is unclear as to how the trial court gained insight into Appellants' Trust when that document was not before the court.

Since Appellants offered no evidence at the hearing on Appellees' motion, it is unclear whether facts found by the trial court were in dispute. I recognize that Appellants in their motion for an expedited hearing averred that any allegation the sale of the real estate was fraudulent was baseless. Even if this could be considered a response to the motion, those facts do not appear

to contradict largely the facts averred by Appellees in their motion in support of relief under the Act.  The facts averred by Appellants in their motion for expedited hearing principally address whether the transfer of the real estate was for fair value in an arms-length transaction.  The facts averred by Appellants in support of their motion address not whether the transaction was for fair value in an arms-length transaction, but rather, whether the transaction was being conducted to liquidate the real estate so that the proceeds could be dissipated or transferred to avoid collection by execution upon a judgment in their civil action.  Granted, Appellants dispute that any proceeds would be dissipated and contend instead that the proceeds were to be invested to provide income.  While it would seem that the trial court dismissed Appellants' averments for the reasons above stated, it cannot be ignored that a significant factor affecting the trial court's grant of relief was its unsupported finding that the trust was created to shield the real estate from potential liability as a result of Appellants' civil lawsuit.  Accordingly, I would remand this matter to the trial court to conduct a new hearing and/or direct that additional proceedings be undertaken to resolve disputed issues of fact to reconsider and determine if relief under the Act is still warranted in favor of Appellees.  A remand further will provide the trial court an opportunity to cite sources in support of uncontested facts and give the parties an opportunity to argue and/or present evidence on what they believe may be the material facts in dispute.  ***See Auman v. Juchniewitz***, 458 A.2d 254 (Pa. Super. 1983) (where it appears appellant did not have an opportunity to

place evidence on record, a remand was ordered for that opportunity to develop a record); ***White v. Alston***, 331 A.2d 765 (Pa. Super. 1974) (where it was not possible to tell where trial court got information to make its decision, a remand was ordered so depositions could be taken).